(March 18, 1913.)

ALBERT E. WILSON and ELVIRA B. WILSON, Appellants, v. W. B. JARRON, Respondent.

[131 Pac. 12.]

DELINQUENT TAX SALE—DESCRIPTION OF PROPERTY SOLD—TAX DEED—DESCRIPTION OF PROPERTY CONVEYED.

1. A tax sale certificate describing lands sold as "S. ½ N. W. 4, sec. 1, twp. 4, range 2" is insufficient and invalid, for the purpose of furnishing a description on which a valid tax deed can be executed, and a tax deed executed on such certificate after the expiration of the time allowed for redemption which describes the property

as "The South ½ of the Northwest ¼ of sec. one (1), twp. four (4) north, range two (2) West of Boise Meridian, Canyon county, State of Idaho," is not a substantial compliance with the provisions of secs. 1763 and 1764 of the Rev. Codes, which require a tax deed to contain the same description and recitals contained in the tax sale certificate.

2.   In issuing a tax deed, the officer executing the same in describing the property may extend abbreviations contained in the certificate and make a fuller and more complete description of land which was sufficiently described in the tax sale certificate, but he has no right or authority to add to or complete an incomplete and insufficient description contained in the tax sale certificate, and he has no authority to go beyond the certificate for extraneous evidence describing the property intended to be described in the certificate.

3.   More strictness is required in the description in an assessment where the property is to be sold for delinquent taxes than is required in a deed of conveyance from the grantor to the grantee. In the former case, parol or extraneous evidence is not admissible, while in the latter case it may become admissible.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to quiet title. Judgment for defendant. Plaintiffs appealed. *Reversed.*

B. F. Neal, for Appellant.

The court erred in holding the deed to be valid for the reason that the property described in the tax sale certificate is not shown to be the property described in the deed, and for the reason that the description contained in the tax sale certificate is uncertain and insufficient and unintelligible, and cannot be the basis of a conveyance of property in tax proceedings. (*Miller v. Williams,* 135 Cal. 183, 67 Pac. 788; *Keith v. Hayden,* 26 Minn. 212, 2 N. W. 495; *Wright v. Fox,* 150 Cal. 680, 89 Pac. 832; *Wolford v. McKinna,* 23 Tex. 36, 76 Am. Dec. 53; *Stout v. Mastin,* 139 U. S. 151, 11 Sup. Ct. 519, 35 L. ed. 121; *Glover v. Newsome,* 132 Ga. 796, 65 S. E. 64; *Hartigan v. Hoffman,* 16 Wash. 34, 47 Pac. 217; Devlin on Real Estate, 3d ed., sec. 1011a.)

Parol evidence cannot be received, for the purpose of show-
ing a proceeding required by law to be made a matter of rec-
ord.    (12 Enc. Ev. 301; *State v. Central Pac. Ry.,* 17 Nev.
259, 30 Pac. 887, 890; *Morrison v. Lawrence,* 98 Mass. 219.)

"Where the statute requires evidence of a fact to appear
of record, it is a general rule that the record alone can be
looked to as evidence of such fact, and where there is a failure
to set it forth in the record as required, the defect cannot be
supplied by parol evidence."    (10 Ency. of Ev. 1004; *Miner
v. McLean,* 4 McLean, 138, 17 Fed. Cas. No. 9630; *Mullins v.
Shaw,* 77 Miss. 900, 27 So. 602, 28 So. 958; *McGrath v. Wal-
lace,* 116 Cal. 548, 48 Pac. 719.)

The title to be acquired under the statutes authorizing the
sale of land for the nonpayment of taxes is regarded as *stricti
juris,* and whoever sets up a tax title must show that all of
the requirements of the law have been complied with.    (Cooley
Taxation, 470, 471; Blackwell Tax Titles, secs. 121–125; *Olsen
v. Bagley,* 10 Utah, 492, 37 Pac. 739; *Marx v. Hanthon,* 148
U. S. 172, 180, 13 Sup. Ct. 508, 37 L. ed. 410, 413; *Guptill v.
Kelsey,* 6 Cal. App. 35, 91 Pac. 409.)

Rice, Thompson & Buckner and James B. Cordiner, for Re-
spondent.

Appellants' contention that the tax deed is void for the rea-
son that the tax sale certificate does not describe the same
land as that described in the said deed is without merit, and
should not be sustained.    (*Baird v. Monroe,* 150 Cal. 560, 89
Pac. 352; *Best v. Wohlford,* 144 Cal. 733, 78 Pac. 293; Devlin
on Real Estate, 3d ed., secs. 1012, 1013a.)

"For the purpose of applying a defective description and
identifying the property conveyed, the court may look to other
facts and circumstances suggested by the description.    Resort
may be had to tax proceedings as well as to the conduct of
the parties in connection with the use and control of the
ground."    (*Herod v. Carter,* 81 Kan. 236, 106 Pac. 32.)

The court will take judicial notice that "township four,
range two, in Canyon county," must be "township four north,
range two west of the Boise meridian," because there is no

township four south of the base line or range two east of the Boise meridian in said county. (*Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 177; *Stanton v. Hotchkiss,* 157 Cal. 652, 108 Pac. 864; sec. 5950, Rev. Codes.)

The abbreviations used in the aforesaid tax sale certificate are authorized by sec. 1787, and are clearly sufficient. (*Oregon Short Line v. Irrigation Dist.,* 16 Ida. 606, 102 Pac. 904; *Washington Timber Co. v. Smith,* 34 Wash. 625, 76 Pac. 268; *Bandow v. Wolven,* 21 S. D. 445, 107 N. W. 204.)

AILSHIE, C. J.—This case involves the validity of a tax deed.

It appears that the land belonging to appellant's grantor was sold for taxes and the property was bid in by the county and subsequently the respondent purchased the tax certificate from the county, and at the expiration of the time allowed for redemption received a deed from the assessor and *ex-officio* tax collector of Canyon county. The appellants commenced their action in the district court to quiet their title to this land, and the respondent answered denying appellant's title, and set up his own title deraigned through the tax deed. After a trial the court found in favor of the defendant and the plaintiffs appealed.

A great many errors have been assigned, but, as we view the case, it is only necessary for us to consider one assignment. The tax certificate recites that the property was sold on the 8th day of July, 1907, to Canyon county for the sum of $18.75, and fifty cents for assessor and tax collector's certificate, and that the taxes had been levied and assessed against the property for the year 1906, and that the property assessed and sold was described as "S. ½ N. W. 4, sec. 1, twp. 4, range 2." It will be noticed that this description does not recite the county in which the property is situated, nor does it state whether the township is north or south, nor does it show whether the range is east or west, nor does it give the meridian from which these numbers are computed. After the expiration of the three year period for redemption from this sale, the taxes not having been paid, the assessor, upon

application of the owner and holder of the tax sale certificate, issued to him a tax deed. This tax deed, which, by the way, was executed by the successor in office of the assessor who executed the tax sale certificate, describes the property conveyed as follows: "The South ½ of the Northwest ¼ of sec. 1 (1), twp. four (4) north, range two (2) West, Boise Meridian, Canyon county, state of Idaho." It is apparent, and must be admitted, that the description contained in the deed is a good description of the particular tract of real estate described in the deed. It is equally clear that the assessor who executed this deed could not, and did not, get this full description from the tax sale certificate which had been previously issued by his predecessor. It was necessary for him to ascertain in some other manner and from some other source that the township was north instead of south, and that the range was west instead of east, and that the county in which the property was located was Canyon. He might have been justified in assuming that the computation was made from "B. M." or Boise meridian. We know, and we take it, that the assessor was justified in taking notice of the same fact, that the public surveys in this state are computed from the Boise meridian. He was also justified in taking notice of abbreviations used in the certificate and in extending them in full in his deed. We are not apprised as to where or how the assessor obtained his information so as to enable him to complete this description. On the other hand, the statute, secs. 1763 and 1764, of the Rev. Codes, requires the deed to contain the same description and recitals contained in the tax sale certificate.

This court has had occasion to consider these provisions of the statute in *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674, and *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102, and it was there held that "a substantial compliance with the statute is sufficient." It would, however, be a wide sweep of the imagination to say that notwithstanding this variance there has nevertheless been a substantial compliance with the statute, and that the description contained in this tax deed is substantially the same as that contained in the certificate.

It is not substantially the same,—the first description fails to locate or describe any tract of land.

Reverting to the description found in this certificate and analyzing it for a minute, it will be seen that it would have been just as competent and equally as substantial a compliance with the statute for the assessor to have made a deed describing this property as being in township 4 south as 4 north, or in range 2 east as in range 2 west, either north or south of the base line.

In *Miller v. Williams,* 135 Cal. 183, 67 Pac. 788, the supreme court of California had occasion to consider the admission of evidence to show the intention of the parties in order to determine the correctness of the description contained in a tax deed, and the court discussed the difference between the rule of law applicable to a description contained in a tax deed and one contained in a deed of conveyance made by a vendor to a purchaser, and said:

"A description which would suffice in an agreement to convey or in a deed may be bad in an assessment. In the first case, the court might inquire as to the intention of the parties, but in the other the owner has no part in the proceeding, which is hostile and to every step in which he is objecting. The assessment is made with a view to a possible sale, and the property should therefore be so described as to enable the owner to know what land is charged with the tax, and also to enable a possible purchaser to know what land is offered for sale. . . . . To decide this matter, there should be no uncertainty as to what land he is dealing with. Hence the description should be sufficient in itself to identify the land, or, if reference to a map or record is required, that should be indicated in the assessment."

It seems to us that the foregoing statement of the law is a reasonable and fair distinction to be observed and rule to be applied in these cases. *Miller v. Williams* has been followed in several subsequent cases in California, among which are *Lantz v. Fishburn,* 3 Cal. App. 662, 91 Pac. 816, and *Fox v. Townsend,* 152 Cal. 51, 91 Pac. 1004, 1007. The same court in *Best v. Wohlford,* 144 Cal. 733, 78 Pac. 293 and *Baird v. Monroe,* 150 Cal. 560, 89 Pac. 352, has drawn the distinction

between introducing evidence for the purpose of completing or correcting an insufficient or indefinite and uncertain description and that of introducing evidence for the purpose of showing that the description contained in the certificate or deed is complete and does describe a certain tract or parcel of land so as to enable anyone by the aid of such description to locate the land therein conveyed. This latter rule is just and salutary, and has been heretofore recognized and adopted in at least one case by this court. (*Allen v. Kitchen,* 16 Ida. 133, 100 Pac. 1052, 18 Ann. Cas. 914.)

In the case at bar, it must be remembered that the appellants were not the owners of the land at the time it was assessed and the tax for which the sale was made was levied against the property. Appellants occupy the position of innocent purchasers. If they went to the records of Canyon county for the purpose of examining the title to the property they purchased, and which is described in this tax deed, and found a description such as is contained in the tax sale certificate, that description would not be sufficient to put them on notice of an outstanding tax lien or deed against the particular tract of land purchased and which was subsequently described in the tax deed. For the reasons above stated, the judgment in this case must be reversed.

It is extremely doubtful if the return made by the assessor who sold this property at delinquent tax sale is a sufficient or substantial compliance with the provisions of sec. 1748 of the Rev. Codes. That section specifies the facts which must be shown in such a return. Those facts are not all shown in the return in this case.

The judgment will be reversed and the cause is remanded, with direction to the trial court to enter judgment in favor of the plaintiffs, quieting their title to the property described in their complaint upon payment to the respondent or to the clerk for his benefit the amount paid by him to the county for the tax sale certificate, together with penalties and interest allowed on tax sale certificates. Costs of this appeal are awarded in favor of appellants.

Sullivan and Stewart, JJ., concur.