(December 8, 1917.)

## ANNIE CAHOON and WILLIAM CAHOON, as Administrator of the Estate of H. R. CAHOON, Deceased, Appellants, v. A. J. SEGER, Respondent.

[168 Pac. 441.]

EQUITABLE ESTOPPEL — ASSESSMENT—ERRONEOUS DESCRIPTION IN TAX
SALE CERTIFICATE—TAX DEED—VOID ASSESSMENT FOR LACK OF COR-
RECT DESCRIPTION.

1. In order to apply the principle of equitable estoppel it is essential that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself ignorant of the facts in question, and also without any convenient and available means of acquiring such knowledge. Where the facts are known to both parties or both have the same facilities for ascertaining the truth, there can be no estoppel.

2. Where the true description of a tract of land sold for taxes is as follows: "beginning ¼ of one mile west and ¼ of one mile north of the southeast corner of said Section 22, Township 15 South of Range 24 East of Boise Meridian; thence running west 73 rods; thence north 75 rods; thence a little south of east 96 rods to the center of the county road; thence south along said road 35 rods to the place of beginning; said latter piece containing 28 acres and 140 square rods, more or less," but the tax sale certificate describes the tract as the W. ½ of the NE. ¼ of the SE. ¼ of sec. 22, such certificate does not comply with the requirement of sec. 1759, Rev. Codes, that it shall contain, among other things, "a description of the land sold," and cannot operate as a conveyance of any part of the tract purported to be sold for taxes.

3. Sec. 1763, Rev. Codes, required the assessor or *ex-officio* tax collector, in the event property sold for taxes was not redeemed within three years from the date of sale, to make a deed therefor to the purchaser, "reciting in the deed substantially the matters contained in the certificate," and where the tax sale certificate contains an erroneous description of the land, it cannot be cured by inserting the correct description in the deed.

4. Secs. 1685 and 1718, Rev. Codes, required each tract of land to be separately assessed and described by sectional division or fractional subdivision when this could be done, and if not, then by metes and bounds or other description sufficient to identify it, giving an estimate of the number of acres and locality, and non-

compliance with this requirement renders the assessment to that extent void.

5. Where one valuation is fixed by the assessor for the entire assessment of a taxpayer's land consisting of different parcels or subdivisions, and a portion of the land is correctly, and another portion erroneously, described, the owner is without data from which to determine what portion of the assessment was intended to apply to the land correctly described and what portion to the land erroneously described. He is therefore not in a position to effectively present the matter to the board of equalization for correction, or to pay the taxes on the land described correctly, and cannot be deemed to have had such notice as would enable him to ascertain what amount of taxes he should pay upon any portion of his land in order to prevent a delinquency, and it must be held that under such circumstances the taxpayer is deprived of the protection which the law is designed to secure him, and the entire assessment is void.

[As to recitals in tax deeds as evidence, see note in 31 Am. St. 233.]

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. Chas. O. Stockslager, Judge.

Action to quiet title against holder of tax deed. Judgment for defendant *reversed.*

·T. Bailey Lee, for Appellants.

Cahoon had promised to pay; he had rightly understood that his proffered payment would be accepted by the defendant, and when he endeavored to pay, he was confronted with a tax deed to his property. This is a case of equitable estoppel, pure and simple. (*McConnell v. Ory,* 46 La. Ann. 564, 15 So. 424.)

Certificate of sale and tax deed were void for total failure of description. (1 Cooley on Taxation, p. 74, and notes.)

"Land must be so described as to enable the owner to know what land is charged with the tax, and also to enable a possible purchaser to know what land is offered for sale." (*Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12; *Miller v. Williams,* 135 Cal. 183, 67 Pac. 788.)

"An assessment which does not identify the lands assessed and does not show an owner whether other lands than his own are included therein is invalid." (*Evans v. Newell,* 18 R. I. 38, 25 Atl. 347; *Sutton v. Calhoun,* 14 La. Ann. 209.)

The land must be definitely described. (37 Cyc. 1052, 1445; *People v. Flint,* 39 Cal. 670; *Palomares Land Co. v. Los Angeles County,* 146 Cal. 530, 80 Pac. 931; *Grand Forks County v. Frederick,* 16 N. D. 118, 125 Am. St. 621, 112 N. W. 839.)

Matters in the certificate of sale must be recited in the tax deed. (*White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 50, 112 Pac. 674; *Wilson v. Jarron, supra.*)

This provision of the statute must be complied with. (Black on Tax Titles, par. 162; *Defrieze v. Quint,* 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Bank of Lemoore v. Fulgham,* 151 Cal. 234, 90 Pac. 936; *Grimm v. O'Connell,* 54 Cal. 522; *Hubbell v. Campbell,* 56 Cal. 527, 37 Cyc. 1371.)

If there is a material variance between the certificate of sale and the tax deed, the purchaser takes no title. (*Matthews v. Nefsy,* 13 Wyo. 458, 110 Am. St. 1020, 81 Pac. 305; *Flint v. Webb,* 25 Minn. 93; *Levy v. Ladd,* 35 Fla. 391, 17 So. 635; *Hewitt v. Storch,* 31 Kan. 488, 2 Pac. 556.)

Nor can the deed be cured by a reference to the certificate or record *aliunde.* (*Preston v. Hirsch,* 5 Cal. App. 485, 90 Pac. 965; *Wilson v. Jarron, supra.*)

S. T. Lowe, for Respondent.

Where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel. (*Sheffield Car Co. v. Constantine Hydraulic Co.,* 171 Mich. 423, Ann. Cas. 1914B, 984, 137 N. W. 305; *Supreme Tent Knights of Maccabees v. Stensland,* 206 Ill. 124, 99 Am. St. 137, 68 N. E. 1098.)

The essentials of estoppel are not present in this case. (Bigelow on Estoppel, 3d ed., 484.)

If property is subject to taxation, it cannot escape through some technical failure of the officer to perform his duty, un-

less it has actually misled the party to his injury. (*Co-operative Savings & Loan Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.)

The description, however, is sufficient if by it the land can be identified, with the aid of extrinsic evidence. (25 Am. & Eng. Ency. of Law, 1st ed., 219.)

An assessment is void only when it wholly fails to lead to identification. (*Glass v. Gilbert,* 58 Pa. St. 266.)

A description in an assessment-roll may be sufficient although it is necessary to introduce parol evidence for the purpose of applying a description to certain land. (*Judd v. Anderson,* 51 Iowa, 345, 1 N. W. 677; *Jenkins v. Sharpf,* 27 Wis. 472.)

The designation of the land will be sufficient if it affords a means of identification, and does not positively mislead the owner, or be calculated to mislead him. (Cooley on Taxation, 3d ed., p. 745; *Woodside v. Wilson,* 32 Pa. St. 52; *Best v. Wohlford,* 144 Cal. 733, 78 Pac. 293; *Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343; *Bothwell v. Bingham County,* 24 Ida. 125, 132 Pac. 972.)

BUDGE, C. J.—This action was begun by Annie Cahoon and H. R. Cahoon, but the latter dying before the case came on for trial, Wm. D. Cahoon, as administrator of the estate of H. R. Cahoon, deceased, was substituted as a party plaintiff. The action was brought to quiet title to the SE. ¼ NW. ¼ and the NE. ¼ SW. ¼ of section 22, Tp. 15 S. of R. 24 E. of Boise meridian and a further piece of land beginning ¼ of one mile west and ¼ of one mile north of the southeast corner of said section 22; thence running west 73 rods; thence north 75 rods; thence a little south of east 96 rods to the center of the county road; thence south along said road 35 rods to the place of beginning; said latter piece containing 28 acres and 140 square rods, more or less.

The complaint alleges in substance that this property was attempted to be sold by Cassia county for the delinquent taxes of 1907 but that the proceedings and steps taken in the original assessment and sale are void as to part of the land,

for a total failure of description and void as to another portion of the land by reason of the fact that the same had been assessed to and the taxes paid by respondent, and further, that appellants had been induced by respondent to delay redemption until the time within which they might redeem had expired, and that thereafter respondent had taken a tax deed to the property which, it was contended, should be set aside on the ground of the alleged fraud which had been practiced by respondent upon appellants.

The answer put in issue the material allegations of the complaint; a cross-complaint was also filed setting up the various steps taken in the acquisition of respondent's tax deed to the property, and claiming title absolutely in respondent by reason of such tax deed. However, the invalidity of the entire assessment by reason of misdescription is set out in the cross-complaint, which shows that all the land was assessed and all valued together, and is as follows: "That during the fiscal year of 1907 the county assessor of the county of Cassia duly assessed the property of the plaintiff, H. R. Cahoon, which property was by said assessor entered in his official assessment book and described as follows, to wit: 'SE. ¼ of the NW. ¼ and the NE. ¼ of the SW. ¼ and the W. ½ of the NW. ¼ of the SE. ¼ of Sec. 22, Township 15 South of Range 24 East, Boise Meridian; five stock, four work horses, six range horses, one vehicle, one musical instrument.' "

The cause was tried by the court and findings of fact and conclusions of law were filed and judgment entered quieting title to the property in respondent. This is an appeal from the judgment.

All of the facts involved in this action arose prior to the 1913 amendment of the Revenue Law, and the case will be disposed of under the Revenue Law as it stood prior to the repeal of the sections of the Revised Codes herein referred to.

Appellants' brief contains twelve specifications of error, which, however, present but three questions requiring the consideration of this court in order to properly determine the respective rights of the parties. The first question is

raised by the third specification of error as follows: "The court erred in finding that the defendant Seger did not procure the tax deed through any fraud or misrepresentations and that said lands were permitted to remain unredeemed through no fault or deception of said defendant." The material facts bearing upon this assignment are as follows: The 1907 tax having become delinquent, the property was sold for such tax on July 13, 1908, the assessor delivering to Cassia county a certificate of tax sale for the "SE. ¼ NW. ¼ and the NE. ¼ SW. ¼ and the W. ½ NE. ¼ SE. ¼" of said section. This certificate was purchased by respondent on July 27, 1908. About the 12th day of April, 1911, the county auditor notified Cahoon that the lands had been sold and that respondent would be entitled to a deed on July 15th, 1911. Cahoon then wrote to respondent asking for a detailed statement of the moneys expended by him and stating in substance that he was arranging to redeem. On June 25, 1911, respondent, who was then at Modena, Wisconsin, wrote Cahoon the following letter:

"Modena, Wis. June 25, 1911.

"H. R. Cahoon,

"Almo, Ida.

"Dear Sir:—I arrived here on June 3d from Chicago whare I stopped some two weeks in rout from Washington, have been arround the country here visiting, & returned last night to find your letter now. I expect to leave here for Almo in a few days & will be pleased to get the money you speak of. That bunch of taxes which I had to pay amts. as you say to $47.68 as follows:

"H. R. C.    22.24.

"A. J. S.    20.16.

"N. W. J.    2 years 1907 & 1908. then the extra 1.00 made up the ballance. On Jan. 1, 1909 I went to Albion to get my abstract, & pay my taxes, I found the two had been assessed to me, also Jone's were charged up to my south 30. acres because his deed is not of record so in some way they held me for the whole which I paid in full. (Since I have quit asking Almo people to pay me what they owe)

"After the Commissioners had cancled all taxes as per petition, Haight failed to post his books to show that my 150 a should not be assessed to you even though my deed had been on reckord for two years or more. Anyway I paid it all on *Jan. 2, 1909,* as my receipts show & what is more I don't expect to get a cent of it back from either you or Jones, & to ask for it, I never will, still I am comming to Almo in the near future to try & get my title to my land cleared in the hopes of selling it & leave thare for good. I think these figures are correct, however the papers are in my trunk in Almo 15 mi from here & I will leave it thare until I go west, then will take it along. & I should be thare before the 4th.

"Yours truly,
"A. J. SEGER."

It is upon the statements contained in this letter that appellants relied to establish their charge of fraud and deceit and which, they claim, are sufficient to estop respondent from taking title to the property in himself. Manifestly this position of appellants is without any foundation in law or in fact. The information which appellants sought from respondent could easily have been obtained from the county auditor and that was the proper place to obtain it and to redeem the property. Nothing that appears in the letter above quoted can be regarded as an attempt on the part of respondent to cause appellants to delay the redemption of the property,—the most that can be said of it is that respondent was more than anxious to get his money but entertained no hope of getting it from appellants, and that he expected to perfect his title at the earliest possible date in order that he might dispose of his property and get back his money. Every element of fraud is lacking and no fact is present which could give rise to equitable estoppel. (*Leland v. Isenbeck,* 1 Ida. 469.) The rule is well stated in 11 Am. & Eng. Enc. of Law, 2d ed., 434, as follows: "It may be stated as a general rule that it is essential to the application of the principle of equitable estoppel that the party claim-

ing to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of the facts, but was also destitute of any convenient and available means of acquiring such knowledge; and that, where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel." (*Walker v. Milliken,* 150 Ky. 12, Ann. Cas. 1914C, 742, 150 S. W. 71; *Sheffield Car Co. v. Constantine Hydraulic Co.,* 171 Mich. 423, Ann. Cas. 1914B, 984, 137 N. W. 305.)

The next question is raised by the second specification of error as follows: "The court erred in finding that the tax levy was a valid charge and lien upon the plaintiffs' lands in the NW. ¼ SE. ¼ of said section 22." The particular land mentioned in this assignment of error is a portion of the land described in the pleadings by metes and bounds as hereinbefore set forth. It will be noticed from the description in the pleadings that the lands included therein comprise practically all of the W. ½ of the NW. ¼ of the SE. ¼ of section 22 and a very large portion of the E. ½ of the NW. ¼ of the SE. ¼ of said section 22. This was error because under the findings the attempt was to assess the irregular tract in the NW. ¼ of the SE. ¼ of section 22. A description of another tract of land which includes a portion of the land sought to be assessed is a misdescription and void. It will also be noticed that the description of the land as assessed included lands which appellants did not own.

The tax sale certificate describes the lands sold to the county as the W. ½ of the *NE.* ¼ of the SE. ¼ of section 22; the tax deed describes the lands as the W. ½ of the *NW.* ¼ of the SE. ¼ of section 22. So far as appears from the tax sale certificate the W. ½ of the *NW.* ¼ of the SE. ¼ was never sold. Section 1759, Rev. Codes, specifies what a tax sale certificate must contain, and among the matters therein required to be stated is "a description of the land sold." Sec. 1763, Rev. Codes, required the assessor, or *ex-officio* tax collector, in the event the property was not redeemed within three years from the date of sale to make

a deed to the property, "reciting in the deed substantially the matters contained in the certificate." It must be apparent from the reading of these two sections that a tax sale certificate which fails to describe the lands sold would convey nothing, and so far as the W. ½, or any other portion, of the NW. ¼ of the SE. ¼ of section 22 is concerned, the tax sale certificate, upon which respondent relies, is silent. The following language, used by this court in a former case, is particularly in point: "It is apparent, and must be admitted, that the description contained in the deed is a good description of the particular tract of real estate described in the deed. It is equally clear that the assessor who executed this deed could not, and did not, get this full description from the tax sale certificate which had been previously issued by his predecessor. It was necessary for him to ascertain in some other manner and from some other source that the township was north instead of south, and that the range was west instead of east, and that the county in which the property was located was Canyon. He might have been justified in assuming that the computation was made from "B. M." or Boise meridian. We know, and we take it that the assessor was justified in taking notice of the same fact, that the public surveys in this state are computed from the Boise meridian. He was also justified in taking notice of abbreviations used in the certificate and in extending them in full in his deed. We are not apprised as to where or how the assessor obtained his information so as to enable him to complete this description. On the other hand, the statute, secs. 1763 and 1764 of the Rev. Codes, requires the deed to contain the same description and recitals contained in the tax sale certificate." (*Wilson v. Jarron,* 23 Ida. 563–567, 131 Pac. 12.)

It will be noticed that the tax sale certificate in the case at bar is in a decidedly worse condition, with respect to the description of the property in question, than was the case in *Wilson v. Jarron, supra.* In that case the description of the particular tract of land was only incomplete, but some

effort had been made to describe it in the tax sale certificate. In this case we are not confronted with an incomplete description but with a total lack of any attempt to describe the particular property in question. If a description, which is so incomplete upon its face as to be unintelligible, is inadequate to convey the property under the requirements of the law, certainly a total failure to describe the property, or the description of an entirely different tract, no part of which is contained within the description in question, is ineffective for any purpose. And since the tax sale certificate was silent in this respect, we are forced to hold that the tax deed in question operated to convey no title whatever to any of the lands in the NW. $\frac{1}{4}$ of the SE. $\frac{1}{4}$ of section 22. The findings in this respect are clearly erroneous.

There is another reason why the deed must be held void as to the portion of appellants' land in the NW. $\frac{1}{4}$ of the SE. $\frac{1}{4}$. This tract can be described in no other way or manner than by metes and bounds, but respondent in his cross-complaint alleges that it was assessed as the W. $\frac{1}{2}$ of NW. $\frac{1}{4}$ of the SE. $\frac{1}{4}$ and the tax deed so describes it. Secs. 1685 and 1718, Rev. Codes, required each tract to be separately assessed and described by section, division or fractional subdivision when this could be done, and if not, then by metes and bounds or other description sufficient to identify it, giving an estimate of the number of acres and locality. As to these requirements this portion of the assessment has failed absolutely (1 Cooley on Taxation, 3d ed., p. 740 et seq.; *Philadelphia v. Miller*, 49 Pa. St. 440; 37 Cyc. 1055); and the assessment to this extent was, therefore, clearly void. So also as to the failure of the assessor to properly state or estimate the number of acres in the tract, the rule being that when the statute requires the assessor to state or estimate the number of acres in the tract assessed, the omission to do so may be fatal and render the assessment void. (37 Cyc. 1058.)

The next question is raised by the eighth specification of error as follows: "The court erred in finding that the de-

fendant is the owner of and entitled to the possession of all or any part of the SE. ¼ NW. ¼ and the NE. ¼ SW. ¼ and the W. ½ of NW. ¼ SE. ¼ of said section 22, and that plaintiffs are wrongfully in possession thereof.'' This specification of error attacks the validity of the tax deed in its entirety. Briefly stated, the question is: Does the fact that the assessment was based upon an erroneous description of a part of the land invalidate the entire assessment and entirely defeat the title attempted to be conveyed by the tax deed under the facts of this case?

There is respectable authority holding that where the deed conveys several tracts of land, an error in the description of one will not invalidate the deed as to the others which are correctly described (37 Cyc. 1451; *Watkins v. Inge,* 24 Kan. 612; *Taylor v. Woodbury (Babbitt),* 86 Kan. 650, 121 Pac. 1119) ; and this court has held that contiguous tracts ''owned by the same individual may be jointly assessed and one valuation fixed for the two lots.'' (*Co-operative Savings & Loan Assn. v. Green,* 5 Ida. 660–665, 51 Pac. 770.) But in the present case, while one valuation was fixed for the entire assessment and a portion of the land correctly described, still there was a considerable tract the description of which was absolutely erroneous and there was no possible means by which the owners could determine what portion of the assessment was intended to apply to the land correctly described and what portion to the land erroneously described. No opportunity was afforded them to present the matter to the board of equalization, nor to pay the taxes on the land correctly described without paying upon that erroneously described. It cannot be said, in view of these facts, that appellants ever had such notice as would enable them to prevent a delinquency, and this is exactly the protection which the statute was designed to secure to the tax payer. (*Quivey v. Lawrence,* 1 Ida. 313.) It therefore follows that the entire assessment must be held void.

The judgment is reversed and the cause remanded, with instructions to the trial court to amend its findings of fact

and conclusions of law and enter a judgment in conformity with the views herein expressed. Costs are awarded to appellants.

Morgan and Rice, JJ., concur.