(May 17, 1921.)

## ANDREW LITTLE, Appellant, v. JUSTIN M. BURLING-HAM and JOHN LITTLE, Respondents.

[198 Pac. 464.]

IRRIGATION DISTRICT—DELINQUENT ASSESSMENT—DELINQUENCY CER-TIFICATE—TAX DEED—VARIANCE BETWEEN CERTIFICATE AND DEED —DEFECTIVE DESCRIPTION.

1. *Held,* that a tax sale certificate, describing the lands sold as "75.18 A in S2 SW4, Sec. 13, Twp. 7, Range 3," is invalid by reason of the insufficiency of such description.

2. A tax sale certificate containing an insufficient description is invalid, and a deed based thereon is likewise invalid, either by reason of insufficiency of the description in the deed, or, as in this case, by reason of the fact that the description in the deed is not substantially the same as that appearing in the certificate.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action to quiet title. Judgment for defendants. *Affirmed.*

Frawley & Koelsch, Martin & Cameron, Finley Monroe and J. P. Reed, for Appellant.

"Substantial compliance with the requirements of the law in making assessment is all that is necessary." (*Co-operative Savings etc. Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *Callanan v. Hurley,* 93 U. S. 387, 23 L. ed. 931, see, also, Rose's U. S. Notes.)

A perusal of the certificates will show that by all reasonable interpretation the land is described as being in the Emmett Irrigation District of Canyon county, Idaho; any

other interpretation would be quibbling, strained and unreasonable. (*Best v. Wohlford,* 144 Cal. 733, 78 Pac. 293.)

"The designation of the land will be held sufficient if it afford the owner the means of identification and do not positively mislead him, or is not calculated to mislead him." (Cooley, Taxation, p. 745; *San Gabriel Valley Land etc. Co. v. Witmer Bros. Co.,* 96 Cal. 623, 635, 29 Pac. 500, 31 Pac. 588, 18 L. R. A. 465; *Greene v. Lunt,* 58 Me. 518; *Law v. People,* 80 Ill. 268; *St. Peter's Church v. Board of Commrs.,* 12 Minn. 395; *Fowler v. People,* 93 Ill. 116; *Judd v. Anderson,* 51 Iowa, 345, 1 N. W. 677; *Godfrey v. Valentine,* 45 Minn. 502, 48 N. W. 325; *Schmidt v. Powell,* 107 Wash. 53, 180 Pac. 892; *Little Rock & Ft. Smith Ry. Co. v. Evans,* 76 Ark. 261, 88 S. W. 992; 37 Cyc. 1451; *Minter v. Durham,* 13 Or. 470, 11 Pac. 231; *Smith v. Shattuck,* 12 Or. 362, 7 Pac. 335; *Herod v. Carter,* 81 Kan. 236, 106 Pac. 32.)

Martin & Martin, Geo. C. Huebener and Wyman & Wyman, for Respondents.

There is a fatal variance between the description in the certificates of sale of the land in controversy and the tax deeds issued by the Emmett Irrigation District to Andrew Little. There must be a substantial compliance with the statutes in tax matters before title can pass by tax deed, and the description of the land contained in the tax deed must be substantially the same as that contained in the certificate of sale. (*Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12; *Cahoon v. Seger,* 31 Ida. 101, 168 Pac. 441; *Dickerson v. Hansen,* 32 Ida. 18, 177 Pac. 760.)

BUDGE, J.—This action was brought by appellant to quiet title in him to certain real estate in Gem county, described in his amended complaint and in the deeds upon which he relies as the south half of the southwest quarter, section 13, township 7 north, range 3 west of Boise Meridian. This appeal is from a judgment dismissing the action.

The material facts as disclosed by the record are as follows: That respondent Burlingham is the owner and in possession of the lands above described; that respondent John Little holds, by assignment from the Boise Title & Trust Company, a mortgage thereon dated September 21, 1912, to secure the payment of $4,000, together with interest; that appellant's claim of title to said lands, as alleged in his amended complaint, is based upon two tax deeds issued by the Emmett Irrigation District, Gem county; that one of said deeds is dated March 21, 1917, and the other November 26, 1917; that the former deed is based upon tax certificate No. 13, dated September 2, 1913, for delinquent assessments levied by the district for 1912, and the latter upon tax certificate No. 197, dated September 1, 1914, for delinquent assessments for 1913; that the description of the lands given in said certificates, as well as that contained in two other certificates, numbered 11 and 196, which were introduced in evidence, is as follows: "75.18 A in $S^2$ $SW^4$, Sec. 13, Twp. 7, Range 3"; and that each of the respondents offered and tendered to appellant payment of all money due him by reason of money paid for said tax certificates, costs, penalties and interest, or whatever sum therefor equity might require.

Numerous errors have been assigned, but as we view the case it is only necessary for us to consider one question presented thereby, viz., whether the tax sale certificates contain a sufficient description of the land upon which to base valid tax deeds.

Upon the authority of *Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12, we are of the opinion that this question must be answered in the negative. Furthermore, there is a total variance between the description in the certificates and in the deeds.

A tax sale certificate containing an insufficient description is invalid, and the deed based thereon must likewise be invalid, either by reason of insufficiency of the description in the deed, or, as in this case, by reason of the fact that the

description in the deed is not substantially the same as that appearing in the certificate. (*Wilson v. Jarron, supra; Cahoon v. Seger,* 31 Ida. 101, 168 Pac. 441; *Dickerson v. Hansen,* 32 Ida. 18, 177 Pac. 760.) An irrigation district cannot issue a valid tax deed unless the delinquency certificate upon which the deed is based contains a sufficient description of the property sought to be conveyed thereby.

Other questions presented on this appeal have been examined, but since the point above decided is decisive of this appeal, we find it unnecessary to discuss them.

From what has been said it follows that the judgment of the district court should be affirmed, and it is so ordered. Costs are awarded to respondents.

Rice, C. J., and Dunn and Lee, JJ., concur.

McCarthy, J., did not sit at the hearing and took no part in this opinion.