(No. 6865.   April 12, 1941.)

J. L. NORRIE and CHARLES H. MORFORD, Respondents, v. GILBERT H. FLEMING and KATHRYN FLEMING, husband and wife, and H. J. KOONCE, Respondents, and A. L. PATTERSON, Respondent, GOLDEN ARROW MINES, INC., a corporation, Appellant.

[112 Pac. (2d) 482.]

Ray D. Agee, for Appellant.

J. G. Hedrick, for Respondents.

AILSHIE, J.—This appeal is from a default judgment entered against appellant, Golden Arrow Mines, Inc., on an amended cross-complaint. The amended cross-complaint was filed and summons issued thereon was served on appellant, Golden Arrow Mines, Inc., which will hereinafter be referred to as the Mining Company. The cross-plaintiffs sought to quiet their title, against the Mining Company, to certain mining property situated in Blaine county. The question here involved is the sufficiency of the amended cross-complaint to describe any real property and to support a judgment quieting title to any property. The amended cross-complaint described the property as follows:

"That on or about the 10th day of September, 1931, these defendants located a quartz mining claim on what is known as the Red Rock Lode Mining claim, in the Mineral Hill Mining District, Blaine County, Idaho, staked the said claim and did the necessary location work on the same, and complied with all of the requirements laws of the United States and the State of Idaho governing mining locations; that the said claim was duly located and recorded with the Recorder of Blaine County, Idaho, on November 18, 1931, reference to the records of which are hereby made for a more detailed description of the said mining claim,"

and the decree entered thereon described the property, to which title was quieted, as follows:

"That the said defendants and cross-complainants, Gilbert H. Fleming and Katharyn Fleming, his wife, and H. J. Koonce, on or about the 10th day of September, 1931, located a quartz lode mining claim, known as the Red Rock Mining Claim, in the Mineral Hill Mining District, Blaine County, Idaho; that they staked the said claim and did the necessary location work on the said claim required by law; and that they have complied with all of the laws of the State of Idaho, and the United States, covering the said mining location; that the notice of the said location of the said mining claim was duly recorded in the office of the Recorder of Blaine County, Idaho, on November 18, 1931."

The original findings and decree were entered June 17, 1940. September 9, 1940, the court entered what is designated "Amended Findings of Fact and Conclusions of Law and Decree," reciting that "the defendants and cross-complainants having on the 3rd day of September, 1940, in open Court, applied for permission to file amended findings of fact and conclusions of law and decree and the Court having granted such permission now finds as follows."

These amended findings stated "that the said defendants and cross-complainants Gilbert H. Fleming and Katharyn Fleming, his wife, and H. J. Koonce, on or about the 10th day of September, 1931, located a certain quartz lode mining claim, known as the Red Rock Mining Claim, located in the Mineral Hill Mining District, Blaine County, Idaho, hereinafter more particularly described; that they staked the said claim and did the necessary location work on the said claim required by law; and that they have complied with all of the laws of the State of Idaho and the United States covering the said mining location; that notice of the said location of the said mining claim was duly recorded in the Office of the Recorder of Blaine County, Idaho, on November 18, 1931, in Book 131, at page 450 of the Records of Quartz Mining Claims, and that an amended location notice was filed in the said office of the Recorder of Blaine County, Idaho, on *August 31, 1940, and duly recorded.*

"That the said Red Rock Lode Mining Claim is more particularly described as follows: That the said Red Rock Lode Mining claim is located in the NW ¼, Section 14, T. 1 N., R. 16 E.B.M., in the Mineral Hill Mining District, Blaine County, Idaho, and that the said mining claim extends 300 feet in width on each side of the middle of the vein at the surface on the said claim, and is 1500 feet long, being 750 feet N. 45 degrees west, and 750 feet south 45 degrees East, of the discovery point or stake on the said claim which is located S. 40 degrees 45 minutes East 940 feet, thence S. 21 degrees 30 minutes East 730 feet from the corner common to Sections 10, 11, 14 and 15, in T. 1 N. R. 16 East, Boise Meridian."

An amended decree follows the foregoing findings and

describes the property the same as contained in the amended findings. It will be noted that the amended findings and decree are based on an *"amended location notice"* filed August 31, 1940, some *three months after filing and service* of the amended cross-complaint. It seems, therefore, that the case was reopened September 3, 1940, and evidence was then introduced before amended findings and decree were made and entered.

The sole question presented here is as to whether or not the amended cross-complaint (which is the only pleading of any kind served on appellant) contained a sufficient description of any property to give the court jurisdiction to enter the decree, quieting title of respondents to the property described in the amended cross-complaint and decree as above set forth.

In *Hedrick v. Lee*, 39 Ida. 42, this court held a description insufficient to support a decree, which description read as follows: "the property is located in the Mineral Hill Mining District in Blaine county, Idaho, and is described as follows: 'The Grey Eagle No. 1, the Grey Eagle No. 2, the Grey Eagle No. 3, the Grey Eagle No. 4, mining claims.'" In commenting on the rule, the court said:

"The general rule is that a judgment involving the right to possession of real property must sufficiently describe it to enable an officer charged with the duty of executing a writ of possession to go upon the ground, and, without exercising judicial functions, ascertain the locality of the lines as fixed by the judgment." (See, also, *American Mining Law—Ricketts*, sec. 410, p. 244.)

Here, the amended cross-complaint, which furnished appellant with the only notice it has apparently ever had, as to the property claimed by respondent, did not give the name of the claim as located, nor did it describe the location by metes and bounds; nor did it contain any reference to natural objects or permanent monuments. The pleading simply says that the defendants "located a quartz mining claim on what is known as the Red Rock Mining claim in the Mineral Hill Mining District, Blaine county." It further states that the location notice was recorded with the recorder of Blaine county November

18, 1931, and refers to the record thereof; but it fails to give the *name under which the claim is located.* It furnished no information as to where (book and page) the location notice is recorded. It has been contended that the wording, "located a quartz mining claim on what is known as the Red Rock Mining claim" was intended to imply that the claim located was named the "Red Rock Lode Mining claim." That, however, is not what the description says.

Now, it is true that the description contained in the amended findings and amended decree is a good and valid description of a mining claim; but that description could not help or improve the original description contained in the amended pleading, without a pleading describing it being served on the party to be bound by the judgment. Unless the original description was sufficient to support a judgment, it is clear that the amendment, without service, could not do so.

In the case last cited the complaint, in addition to the description above quoted, contained the following:

"that all of the said claims have been duly recorded in the office of the recorder of Blaine County, Idaho, reference to the records of which is hereby made for a more particular description of the claims."

The court held the description *in the complaint* sufficient to withstand a general demurrer.

The description in the complaint in this case differs from the description in the complaint in the above-cited case, only in omitting the name of the claim. So, we have the Hedrick-Lee case, *supra,* as authority for the holding, that the *name of the claims and reference to the record,* for description, states a cause of action as against a general demurrer; and, on the other hand, that the omission of reference *to the record,* leaves the description insufficient to *support a decree quieting the locator's title.* Certainly, the *name* of the claim is as essential to a valid description as is reference to the record, without giving either the name of the location or the book and page containing the record.

The statute is specific in the enumeration of things to be done in order to make a valid location of a

mining claim (secs. 46-601 and 46-602, I. C. A.) ; and it has been held by this court that the requirement of the statute, that the location monuments be "marked with the name of the claim," is mandatory. (*Buckeye Min. Co. v. Powers,* 43 Ida. 532.) The requirements of the statute, as to the description and identification of a mining claim, are essential in order to give constructive notice to prospectors, locators, and purchasers of mining claims. (*Brown v. Leven,* 4 Ida. 794.) It is equally important that the claim be described with reasonable certainty in a judicial decree, which is to furnish the basis for the issuance of a writ of *ouster or assistance.* The officer, who is called upon to execute such a writ, is vested with no discretion and must follow the directions and be confined to the description contained in the writ. He can only dispossess the occupant of the lands described by the writ.

The rule herein above quoted from the Hedrick-Lee case has been recently stated and followed by the Alabama court in *Puryear v. Smith,* 173 So. 17, 18, as follows:

"We are in accord with the contention of appellant's counsel that greater particularity is required in the description of land in complaints and judgments and decrees than in deeds and that judgments and decrees should be so certain as to enable an officer in executing the judgment or decree to do so without the exercise of a discretion."

In *Weidlich v. Ind. Asphalt Pav. Co.,* (Wash.) 162 Pac. 541, at 544, the court quotes with approval the well-stated rule from *Porter v. Counts,* (Cal.) 92 Pac. 655, as follows:

"The premises should be so described that the record will furnish evidence of the limits to which title is established by the judgment, as well as to point out to the sheriff who serves the writ of possession the extent and location of the land recovered. . . . In order that the controversy between the parties may be definitely settled, we think the boundary lines should be accurately located and the disputed tract described with precision." (To the same effect, see: *Hill v. Barner,* (Cal.) 96 Pac. 111, 115; *Jones v. Eaton,* (Mo.) 270 S. W. 105, 109; *Jones v. Mount,*

(Ind.) 63 N. E. 798; *Hoodless v. Jernigan,* (Fla.) 35 So. 656, 661; *Craig v. Mings,* (Tex.) 144 S. W. 316.) In other words, the officer can not go out and take statements from anybody as to the location and description of the property intended by the decree and writ.

The true rule is tersely stated by the supreme court of Indiana in *Ratliff v. Stretch,* 20 N. E. 438, as follows: "A decree quieting title to land, unless the description can be ascertained from the record, is void."

The judgment is reversed and the cause is remanded with instructions to allow respondent twenty days after the filing of remittitur in which to file and serve an amended cross-complaint, and to take such further proceedings as may seem necessary and proper in the premises. Costs awarded in favor of appellants against the Flemings and Koonce.

Budge, C. J., and Givens, Morgan and Holden, JJ., concur.