(No. 6932.   January 14, 1942)

ROBERT MENEICE, Appellant, v. THE BLACKSTONE MINING COMPANY, LIMITED, also known as Blackstone Mining Company, Ltd., a corporation, Respondent.

(121 Pac. (2d) 450)

Perce Hall, for Appellant.

James H. Hawley and Hawley & Hawley, for Respondent.

AILSHIE, J.—This is an action to quiet title to certain lode mining claims in Elmore county. Appellant is a resident of Hill City; respondent is a corporation organized

and existing under the laws of this state. The action was instituted July 31, 1940, by filing a complaint.

Appellant claims title to the property through purchase from Elmore county; and the county's title rested solely upon a tax deed issued May 13, 1940, by the treasurer for delinquent taxes for the year 1932. Respondent was the original owner and taxpayer. The property was assessed on the assessment roll of Elmore county as follows: "Name and address of owner or reputed owner"—"Blackstone Mining Co., Boise, Ida. c/o Hawley & Hawley." In the column marked "Subdivision," the property is described as "Kentucky Lode, Ohio Lode, Illinois Lode, Iowa Lode, Oregon Lode." No other identification appears on the assessment roll. The delinquency entry and notice of pending issuance of tax deed added nothing to the assessment description. The tax deed contained the same description appearing on the assessment roll.

It was stipulated at the trial that the claims named on the assessment roll "are shown by the plat book in the Assessor's office of Elmore County to be in Sections 13, 14, and 15, in Township 2 South of Range 10 East of the Boise Meridian." The sections and township designation, however, are not referred to on the assessment roll; neither is any reference made to the plat book. The deed from Elmore county to the appellant simply described the property as a "parcel of land situated in the County of Elmore, State of Idaho, and more particularly described as follows: Kentucky, Ohio, Illinois, Iowa and Oregon Lodes."

The trial court found and held, that the description, on the assessment roll and in the deed conveying the property, was not sufficient compliance with the law to pass title; and that appellant showed no title or right of possession to the property and that he had no title to quiet. (Sec. 61-220, I. C. A.) A decree was accordingly entered in favor of the respondents. The court, however, awarded the plaintiff judgment for $45.00, the amount of money paid to the county which represented the taxes and penalties for the two years.

The decision of the case turns on the sufficiency of the

description of the property, as contained on the assessment roll and in the deed of conveyance to the county.

Appellant places great reliance on *Old Republic Mining Company v. Ferry Company*, 69 Wash. 600, 125 Pac. 1018, wherein two mining claims were described as the "Republic Lode" and the "Cecelia Lode." These were *patented* claims but it does not appear from the opinion whether the fact of their being *patented* was referred to on either the assessment roll or deed. However, a *foreclosure* suit was prosecuted under the Washington statute which resulted in entering *judgment* foreclosing the tax lien; and the action by the original owner (the Old Republic Mining Co.), to quiet its title to the claims, was held to be a *collateral* attack on the judgment in foreclosure; and that "all intendments are in favor of the regularity of the judgment." The Washington authorities (including the Old Republic case, which was cited) were reviewed in the recent case of *Napier v. Runkel,* 9 Wash. 2d ......, 114 Pac. 2d 534, 540, wherein the court made the following announcement as to the rule of law:

"In a proceeding in rem, such as a tax foreclosure by a county, *jurisdiction of the res must clearly appear. Property sought to be foreclosed should be so described as to admit of its identification by recourse to official records,* or at least by some means which may be referred to as common or general knowledge, concerning which accurate information may easily be obtained." (Italics ours.)

Another case relied on by appellant is *Territory v. Copper Queen Consolidated Mining Co.,* 13 Ariz. 198, 108 Pac, 960; affirmed, 233 U. S. 87, 34 Sup. Ct. 546, 58 L. ed. 863. In that case the name of the taxpayer was given as "Copper Queen Consolidated Mining Co." In the next column, entitled "Description of," the property is described as "—Bisbee—" "65 Patented Mining Claims." The foregoing is followed by 65 names of the claims assessed. Under the head, "Number of Acres" is "636"; Valuation of Lands, "3,180.00"; "Value of Improvements, 55,431.00."

An examination of the opinion in the latter case discloses a somewhat different statute from ours, which prevailed at that time in the Territory of Arizona; and it is

not thought that the opinion in that case is applicable to the conditions prevailing in the case at bar. Reference to the fact, that the claims were *patented,* comprising *so large a tract,* is sufficient to distinguish that case from the one at bar.

■ Here there is no reference or tie to any natural object or permanent monument, which is essential in posted notice and record of a mining location; (Sec. 46-602, I. C. A.; *Norrie v. Fleming,* 62 Idaho 381, 112 Pac. 2d 482; *Hedrick v. Lee,* 39 Idaho 42, 227 Pac. 27) ; nor does it mention the fact that the claims are *patented* or refer to any *mineral monument* or *public land survey,* or name the *mining district* in which it is located. The assessment roll did not even refer to any plats showing the claims. The description and location of the property, if sufficient at all, must rest solely upon the *names of the mineral locations* and the fact that they are in *Elmore* county. It is conceded that under the statute (sec. 46-602, I. C. A.), the claim must be *named,* but there may be many claims of the same name in the same county; there is nothing preventing the use of a name already given to another claim. Some names are popular among miners and prospectors and are given to many locations in the same vicinity or county. It is possible, of course, to imagine some well known mine, that has been worked and operated for many years, and has acquired such a generally accepted recognition and reputation, throughout the county where located, that the *name* alone might itself be a sufficient description. (3 Cooley, Taxation, sec. 1178.) In other cases, the mere name of the claim, without any other description, would be of little or no information or significance.

■ It should be further remembered that the acquisition of a tax title by the county or state is a purely *ex parte, unilateral proceeding in rem* and requires more particularity of description than is required in a contract for sale or deed or other bilateral contract or agreement. *Wilson v. Jarron,* 23 Idaho 563, 568, 151 Pac. 12; *Norrie v. Fleming, supra; Miller v. Williams,* 135 Cal. 183, 67 Pac. 788; *Mallman v. Kneeben,* 11 Cal. App. 2d 484, 54 Pac. 2d 46, 47.

This court has consistently held, through a series of opinions, that a valid tax title may not be based on an assessment and tax deed containing an insufficient description to enable one to examine the record and there to acquire sufficient data to enable him to locate the land taxed. (*Booth v. Cooper*, 22 Idaho 451, 126 Pac. 776; *Wilson v. Jarron, supra; Cahoon v. Seger*, 31 Idaho 101, 111, 168 Pac. 441; *Dickerson v. Hansen*, 32 Idaho 18, 22, 177 Pac. 760; *Hedrick v. Lee, supra; Western Loan & Bldg. Co. v. Bandel*, 57 Idaho 101, 63 Pac. 2d 159; *Stickel v. Carter*, 63 Idaho 78, 117 Pac. 2d 477; see also *Burton v. Hoover*, 93 Utah 498, 74 Pac. 2d 652; *Van Cise v. Carter*, 9 S. D. 234, 68 N. W. 539; *Grand Forks County v. Fredericks*, 16 N. D. 118, 112 N. W. 839.)

Counsel for appellant has manifested diligence and great care in the presentation of authorities and reasoning in support of his client's title. We think, however, the rule sound and just as above announced.

Judgment affirmed. Costs to respondent.

Givens, C.J., and Budge and Holden, JJ., concur.

Morgan, J., concurs in the conclusion reached.