291 P.2d 867

Vernon G. KELSON and Marie Louise Kelson, husband and wife, and Frank Bucher and Edna Bucher, husband and wife, Plaintiffs-Appellants,

v.

DRAINAGE DISTRICT NO. 10 BOUNDARY COUNTY, Idaho, Arthur Payne, Hiram Dyke, and John Doe, Commissioners of said Drainage District No. 10, Boundary County and Hollis M. Aldridge, County Treasurer, and Owen Critchfield, County Recorder of Boundary County, Idaho, Defendants-Respondents.

No. 8023.

Supreme Court of Idaho.

Dec. 27, 1955.

Whitla & Knudson, Coeur d'Alene, for appellants.

322

W. J. Nixon, Watt E. Prather, Bonners Ferry, for respondents.

TAYLOR, Chief Justice.

Drainage District No. 10 of the County of Boundary was organized about 1927. The lands here involved all lie in the Southeast Quarter of Section 25, Township 65 North, Range 2 West of Boise Meridian, part within and part without the boundaries of the drainage district. The original assessment roll of the district is not in evidence. The county auditor testified that it shows an assessment of benefits against 14.71 acres in the NE¼ SE¼, 27.24 acres in the SE¼ SE¼, and 6.28 acres in the SW¼ SE¼, making a total of 58.23 acres included within the district at the time of its organization, and assessed by the district for benefits. The district was reassessed in 1935, whether for additional works, funding of its debts, or for both, is not clear from the record. The proceedings are not in evidence. In 1942 it appears refunding bond proceedings were carried through to decree. These proceedings are not in evidence.

Plaintiffs (appellants) and their predecessors had been complaining to the commissioners of the district and to the county officers concerned with the assessment and collection of taxes, that their drainage assessments were in error in that they were being assessed for benefits upon part of their land which, because of its non-agricultural character or elevation, was not benefitted by the drainage works. They allowed their taxes for the year 1947 to become delinquent and after the issuance of "notice of pending issue of tax deed" in 1950, they brought this action in 1951 against the district, the county treasurer and county auditor to enjoin the sale of their property for taxes, and for the cancellation of the assessment. They allege that only 32.6 acres of their land lies below the elevation line marking the boundary between lands which are protected from flooding and drained by the works of the district, and lands which are not thus protected or drained, and that the balance of the 58.23 acres, not being benefitted, are illegally assessed. They also allege that the description on the tax rolls of the county and in the notice of pending issue of tax deed is so defective that the assessment and the notice are void.

On the proposition that their lands are illegally assessed for drainage benefits, appellants do not allege nor did they offer any evidence of any defects or illegality in the organization proceedings culminating in the final decree fixing the assessment of benefits upon their lands. Neither do they attack the proceedings of 1935 nor the proceedings of 1942.

The order confirming the original assessments by the district court is final and conclusive except upon appeal

to this court within thirty days after its entry. §§ 42–2922, 42–2924, I.C. Assuming part of plaintiffs' lands, because of their character or elevation, are not susceptible to any benefits from the drainage works, they cannot now raise that question in this proceeding. By the proceedings authorizing, and the issuance and sale of bonds, a contract is entered into by the landowners in the district and the bondholders, giving the latter a lien upon each parcel of land in the district in the amount of the assessments for benefits, as security for the payment of the bonds. Straus v. Ketchen, 54 Idaho 56, 28 P.2d 824. Neither the commissioners of the district, nor the tax collecting officers of the county, can relieve plaintiffs' property from the obligation of that contract.

■ In their complaint and in the court's findings plaintiffs' property is described as follows:

"Fractional part of the Northeast Quarter of the Southeast Quarter lying Southerly of the County Road, and fractional part of the Southeast Quarter of the Southeast Quarter also lying Southerly of the County Road, and fractional part of Southwest Quarter of the Southeast Quarter lying South of County and Forest Road and Canyon Creek, Section 25, Township 65 North, Range 2 West, Boise Meridian, Comprising 89.65 acres more or less."

That description was not questioned by the defendants and, having been accepted by the trial court, is conclusive here. The description on the tax rolls of the county, as appears from the final tax notice for the year 1947, is as follows:

"E½ SE¼ and SE¼ SE¼ Sec. 25, Twp. 65, Rge. 2 W., Less Part lying West of Canyon Creek, 89.65 acres." (Plaintiffs' Exh. 5.)

The description in the notice of pending issue of tax deed is:

"E½ SE¼; SE¼ SE¼ less part lying West of Canyon Creek Section 25, Township 65, Range 2 West, 89.65 Acres." (Plaintiffs' Exh. 2.)

■ The trial court found the description was insufficient to sustain the tax sale of any land in the SW¼ SE¼ of the section. That subdivision is not included in the description on the tax roll or the notice, but the land in that subdivision owned by the plaintiffs is a part of the 89.65 acres assessed to them. It is clear that the purported assessment of the land in that particular subdivision and the notice are void for want of any description thereof.

■ The applicable rule is that a description in an assessment, and tax proceedings based thereon, is sufficient if it contains enough information to enable one to locate the land taxed. Wilson v. Jarron, 23 Idaho 563, 131 P. 12; Meneice v. Blackstone Mining Co., 63 Idaho 413, 121 P.2d 450.

324

■ It is difficult, if not impossible, to reconcile the accepted description contained in plaintiffs' complaint and the court's findings with that contained in the tax rolls and notice of pending issue of tax deed. In the first it appears all of the taxed property lies "southerly of the county road." That lying in the SW¼ SE¼ also lies south of "Canyon Creek." In the tax description the property taxed is all of the E½ SE¼, less the part lying west of Canyon Creek. This would indicate that the portion taxed lies east of Canyon Creek. Whether that land also lies southerly of the county road does not appear. Evidence is admissible to show that a tax description contained in a delinquency certificate or tax deed is complete and does describe a certain tract of land, which can be located from the information contained therein. Wilson v. Jarron, 23 Idaho 563, at page 569, 131 P. 12.

Respondents offered no evidence to support the tax description, and appellants offered no evidence to show that it was not sufficient under the rule above stated, except as to the SW¼ SE¼. No evidence was given as to the location of the "county road", nor of "Canyon Creek" in relation to this land. Two blueprint maps were used in the interrogation of witnesses at the trial, and testimony was elicited by having the witness point to the maps and locate thereon various objects, such as "the road runs along here", "the ditch is here", "this is the dyke", "the

pump-house is over here." Such testimony would be practically worthless in any case without the objects being properly indicated on a map which is evidence, but in this case no review is possible because neither of the maps is before us. One was not included in the exhibits sent to this court (plaintiffs' Exh. 4) and the other (defendants' Exh. A) is a map of Drainage District No. 9, covering an area in a totally different township and range than that covered by Drainage District No. 10.

■ However, the county's assessment is invalidated by the failure to include in the description the part of the land assessed lying in the SW¼ SE¼ of the section. Where several tracts or parcels of land are assessed together under one valuation of the total property, and a portion thereof is insufficiently or not at all described, then the entire assessment is voidable. Cahoon v. Seger, 31 Idaho 101, 168 P. 441; Chicago, M. & St. P. R. Co. v. Kootenai County, 33 Idaho 234, 192 P. 562. Cf. Western Loan & Bldg. Co. v. Bandel, 57 Idaho 101, 63 P.2d 159. The entire burden of the tax is placed upon that part of the 89.65 acres which is located in the E½ SE¼. A redemptioner in order to save that part would also be required to pay the tax intended to be levied upon the portion lying in the SW¼ SE¼, which was not assessed at all.

We do not pass upon the right or power of the county to collect the state, county,

and school taxes involved, by amended assessment or other proceedings, nor the right of the drainage district or its bond-holders, by appropriate proceedings, to collect the drainage assessment involved.

Judgment is reversed and cause is remanded with directions to the trial court to enter conclusions and decree holding the county's assessment and notice voidable for insufficient description, and that the county acquired no title to the property by reason thereof, and enjoining any tax sale based thereon.

Costs to appellants.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.