JOHN B. GILFILLAN *vs.* CHARLES W. HOBART and another.

| 34 | 67 |
|----|-----|
| 44 | 178 |
| 34 | 67 |
| 45 | 503 |
| 34 | 67 |
| 81 | 71 |

July 23, 1885.

**Tax Judgment—Omission of Recitals.**—*Kipp* v. *Collins*, 33 Minn. 394, followed upon the point that a tax judgment is not invalidated by its failure to recite what is contained in the statutory form in respect to the filing of an answer, and the lapse of 20 days after the last publication of notice and list.

**Same—Sufficiency of Description of Land.**—In tax proceedings a designation or description of land by which it is commonly known is sufficient, though it be not the technically or exactly proper name of the same.

**Same—Question of Fact.**—Whether, in such case, the designation or description is one by which the land is commonly known is a question of fact.

Appeal by plaintiff from an order of the district court for Hennepin county, *Koon,* J., presiding, refusing a new trial.

*Shaw & Cray,* for appellant.

*Secombe & Sutherland,* for respondents.

BERRY, J. The plaintiff's objections to the tax judgment of 1874, on account of its failure to recite all that is contained in the statutory form in respect to the filing of an answer and the lapse of 20 days after the last publication of notice and list, have been overruled

in our opinion filed at this term in *Kipp* v. *Collins*, 33 Minn. 394. It only remains to consider the objection urged to the sufficiency of the description, in the tax proceedings, of the property in controversy. It appears that Bottineau was the owner of certain adjoining parcels of land containing over 60 acres, which we will, for convenience, call "tract A;" that he sold and conveyed a portion thereof, containing about five acres, which we will designate as "tract B," to Northrop. Subsequently the whole of tract A was conveyed and laid out into lots, blocks, and streets, and a plat or map of such survey and laying out made by the surveyor. This survey, laying out, and platting appear to have been made at one time, and by the co-operation of Bottineau and Northrop, each, however, acting for himself. The plat or map was not so made as to give it any validity as a statutory plat, or entitle it to registry. It, or a transcript of it, was, however, deposited in the registry of deeds for Ramsey county, in which the land platted then lay, and subsequently transcripts from Ramsey county were deposited in the registry of deeds for Hennepin county, to which the land had been annexed. The original plat is missing, but upon all the transcripts tract B is designated as "Northrop's addition," and the remainder of tract A as "Bottineau's addition." Northrop's addition is bounded on three sides by Bottineau's addition. The blocks in the two additions *together* are numbered consecutively from 1 to 31, just as they ordinarily would have been if the two had been one addition. And as Northrop's addition consists of the easterly part of blocks 17, 21, and 29 only, each of those numbers appears but once on its respective block, thus answering to designate the block for both additions.

This action relates to lots 5, 6, 7, and 8, in block 29, in Northrop's addition. The defendants rely upon a certain tax-judgment sale had under the law of 1874 for delinquent taxes of 1873. The tax judgment contains the following description of property: "Second ward. Bottineau's addition continued. Lots 5, 6, 7, 8, block 29;" and the auditor's certificate of sale upon the judgment contains the following description: "Bottineau's addition to St. Anthony. Lots 5, 6, 7, 8, block 29." The case was tried by a jury, and the several transcripts of the map or plat before mentioned were put in evidence, and other

evidence, oral and documentary, was received, tending to show for the defendants that the blocks and lots in Northrop's addition were, and for many years had been, commonly known, spoken of, described, and treated as being in Bottineau's addition, and there was evidence for the plaintiff to the contrary.

We understand the defendants' position to be that the description of the lots as being in Bottineau's addition was sufficient, if that was a designation by which they were commonly known. This is in analogy, we take it, to the rule in accordance with which a person may, by reputation, acquire a name, which, although not the name originally given to him in baptism, or otherwise, will be a good name for and against him in business transactions and in legal proceedings. No reason is perceived why this rule should not be applicable to the names of things as well as of persons, nor why the owner of property, upon which he has failed to pay taxes, should not be bound to know that by common repute his property has acquired a well-known designation, differing from its original or technically accurate designation, nor why such reputed designation should not be sufficient in tax proceedings. A description or designation which ascertains the premises, as a well-known and commonly reputed one does, must be sufficient. *St. Peter's Church* v. *County of Scott*, 12 Minn. 280, (395;) *Stewart* v. *Colter*, 31 Minn. 385. Now, in this instance, the exactly proper name of the addition in which the lots in controversy lie is "Northrop's addition," though that name does not probably carry the authority which it would have done if the plat had been made in accordance with the statute so as to entitle it to record. But if Northrop's addition was well and commonly known as a part of Bottineau's addition, especially when it is considered that the block numbers 17, 21, and 29 were common to the two additions, we see no reason why those blocks might not be sufficiently described as in Bottineau's addition,—sufficiently, we mean, to identify and ascertain them, which is all that is necessary. *Stewart* v. *Colter, supra.*

But the question whether the lots in controversy were or were not commonly known, reputed, described, and treated as in Bottineau's addition, was a question of fact, and, upon the evidence, we can see no reason why the trial court should have taken it from the jury. As

we understand the charge, the court, in terms, *upon the evidence*, infers that the description in the tax proceedings is sufficient, and instructs the jury accordingly.   This, we think, was error, and we are unable to say that the evidence was of such a character that it would have been the duty of the court to set aside a verdict for plaintiff, and that, therefore, the error was harmless.

Order reversed, and new trial awarded.

GILFILLAN, C. J., (*dissenting.*)   Bottineau's addition and Northrop's addition were platted together by the same plat, a line being drawn on the plat around the part of the land designated "Northrop's addition."   The blocks were numbered consecutively through both additions, block 29 being divided by the line on the plat marking the boundary between the two additions.   Block 29 in one addition is the same block as block 29 in the other, so that the mention of block 29, Bottineau's addition, referred to and designated the same block as would the mention of block 29, Northrop's addition, and *e converso.* The mention of it as in either addition would be a sufficiently definite and certain identification of the block.   All the lots in it are numbered consecutively through the block, without regard to the boundaries between the additions.   There is only one lot 5, one lot 6, one lot 7, one lot 8 in the block, so that the property is properly described as lots 5, 6, 7, and 8, in the block, which is sufficiently identified and ascertained by calling it block 29 in either addition.

I think the order should be affirmed.