## STANDARD DRUG CO. *v.* PIERCE.

### [71 South. 577.]

1. TAXATION. *Tax title. Assessment description. Tax deed. Date.*

   An assessment roll giving the name of the owner and designating the property as the south half of north half, lot 5, block 113, Kemper & Whinney Survey No. 2, with the name of the city at the top of the column headed "lots," sufficiently describes the property, though there were two subdivisions of the same name, but only one of them had a lot and block corresponding to the one so assessed.

2. TAXATION. *Tax deed. Description.*

   A tax deed describing land as ''south half of north half, lot 5, block 113, Kemper & Whinney No. 2, Forest County, Miss." is sufficient to ·make competent the assessment roll and parole testimony identifying the land as being in a certain city, and to identify the land assessed.

3. TAXATION. *Tax deed. Date. Statutes.*

   Section 4328, Code 1906, amended and brought forward into Laws 1908 as chapter 199 thereof, permits the continuing of tax sales from day to day, but does not provide for the making of a record of such continuance; and section 4332 of the code, which provides the form for a tax collector's deed, does not require that the fact that a tax sale was continued from day to day he recited in the deed to lands sold on a day subsequent to the day on. which the sale must begin. The failure to recite this fact in a deed therefore does not avoid it; and the only way such fact can be proven, in event proof thereof becomes necessary, is by parol testimony.

APPEAL from the chancery court of Forrest County. HON. J. M. STEVENS, Chancellor.

Suit by the Standard Drug Company against W. S. Pierce. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sullivan, Conner & Sullivan,* for appellant.

*N. C. & C. E. Hill,* for appellee.

SMITH, C. J. delivered the opinion of the court.

Appellant filed its bill in the court below to cancel a tax deed held by appellee to the land here in question as a cloud upon its title thereto. This land was described in the tax deed as "south half of north half, lot 5, block 113, Kamper & Whinnery No. 2," Forrest county, Miss. The form in which it was assessed on the roll under which it was sold for taxes was as follows:

| Owner's Name. | City of Hattiesburg Lots. | Blocks. | Surveys. |
|---|---|---|---|
| Polly & E. G. Dean | S² N² 5 | 113 | Kamper & Whinnery No. 2 |

Over the objection of appellant parol testimony was introduced explaining that the description of the land in the deed and on the assessment roll covered the land in controversy; the only portion of this testimony that we deem of any material value being that there was no Kamper & Whinnery subdivision or survey No. 2 in any city, town, or village in Forrest county except in the city of Hattiesburg. Two Kamper & Whinnery subdivisions No. 2 are recorded in the plat books of the city of Hattiesburg, in one of which there appears a lot No. 5, block 113, but in the other no such lot or block appears.

The day fixed by law for the sale of delinquent tax lands is the first Monday of April. The first Monday of April, 1911, was the 3d day of that month; and the deed recited that the sale of land here in question took place on the 4th day of April, 1911. Section 4328, Code 1906, provides that sales of land for taxes "shall be continued from day to day within the hours for sheriff's sales until completed."

The contention of appellant is that the tax deed under which appellee claims title is void:

First, "because there is no valid and definite description of the land attempted to be conveyed on the assessment roll of the county for the year 1909, that being the year for which taxes were assessed in Forrest county, the year in which the taxes were delinquent;" second, "because the description of the land in the tax deed is void for uncertainty in this: The land is described as the south half of north half, lot 5, block 113, Kamper & Whinnery No. 2, and the tax deed does not show on its face that the land so attempted to be described is located in the city of Hattiesburg, or in any other town in Forrest county and state of Mississippi where land is described by lots, blocks, and surveys; also because that part of the description as 'Kamper and Whinnery No. 2' is incomplete and insufficient in itself, and does not refer to any map, plat, or survey in any city, town, or village in said county and state;" and, third, "because the tax deed shows on its face that the land described therein was not sold on the first Monday of April, 1911, which was the 3d day of April, 1911, but that said land was sold on the 4th day of April, 1911, which was, as a matter of fact, Tuesday."

We think the description of the land contained on the assessment roll was sufficient without the aid of parol testimony, and that the description of the land in the tax deed was sufficient to make competent evidence *aliunde* the deed, which here consists of the assessment roll and the parol testimony heretofore referred to, and that by such evidence it was made certain that the land here in question was the land intended to be conveyed. *Reed* v. *Heard*, 97 Miss. 743, 53 So. 400.

Section 4328, Code 1906, amended and brought forward into Laws 1908 as chapter 199 thereof, permits the continuing of tax sales from day to day, but does not provide for the making of a record of such continuance; and section 4332 of the Code, which provides the form

for a tax collector's deed, does not require that the fact that a tax sale was continued from day to day be recited in the deed to lands sold on a day subsequent to the day on which the sale must begin. The failure to recite this fact in a deed therefore does not avoid it; and the only way such fact can be proven, in event proof thereof becomes necessary, is by parol testimony; so that no error was committed in permitting its introduction here.

*Affirmed.*