(December 30, 1918.)

FRED W. DICKERSON, Respondent, v. R. E. HANSEN, DAVID ANDERSON and A. C. ANDERSON, Appellants.

[177 Pac. 760.]

QUIETING TITLE—ASSESSMENT OF TAXES—DESCRIPTION OF PROPERTY—
VALIDITY OF TAX DEED—ADVERSE POSSESSION—EVIDENCE.

1. Where a canal system 49.76 miles in length with right of way, having a great variety of courses, and having several reservoir sites as adjuncts thereto, is described on the assessment-roll as "Canal 5000" or as "Also canal valued at 5000," such description is so indefinite and uncertain as to invalidate such an attempted assessment, and a tax sale and tax deed based thereon do not operate to convey any title to such canal system.

2. Where a canal system with right of way and reservoir sites is described in the assessment-roll as "49.76 miles of Canal, Right of Way and Reservoir Sites 1,67,1; 1,67,2; 1,68,1," such assessment is invalid as being indefinite and uncertain, and a tax sale and tax deed based thereon do not operate to convey any title to such canal system.

3. Where adverse possession with payment of taxes for five years is relied upon as the basis of title to land, such adverse possession must continue for the full period of five years, and the taxes must be paid for the full period before they will operate to divest the record title.

4. When strangers to the record in real estate foreclosure proceedings, who do not claim any interest in the property at the time of foreclosure, object to the introduction of the record in another action to quiet title on the ground that they were not parties to the foreclosure proceedings, and the record is offered in evidence for the purpose of tracing a complete chain of title to land, the objection to the introduction of the record is not well taken.

[As to cloud on title, how defined, see note in 45 Am. St. 373, 377, 378.]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. John J. Guheen, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

Holden & Holden and Geo. F. Hansbrough, for Appellants.

No assessment, or act relating to assessment, or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law. (Sec. 1788, Rev. Codes; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170.)

Budge & Merrill, for Respondent.

The assessment is invalid for insufficiency of description. (*Booth v. Cooper,* 22 Ida. 451, 126 Pac. 776; *Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12.)

Where the sale is prematurely made, no title is acquired by virtue thereof. (*O'Hara v. Parker,* 27 Or. 156, 39 Pac. 1004; 37 Cyc. 1337.)

Where the delinquent list is not published for the time prescribed by law, the sale is void. (*Cadman v. Smith,* 15 Okl. 633, 85 Pac. 346; *Townsend v. Martin,* 55 Ark. 192, 17 S. W. 875; *Carpenter v. Shinners,* 108 Cal. 359, 41 Pac. 473; 37 Cyc. 1298, and cases cited.)

The tax deed is invalid because it was issued after the 1912 laws went into effect, and no deed could be issued in 1913 for taxes assessed in 1909 without complying with the laws of 1912. (*Rice v. Rock,* 26 Ida. 552, 144 Pac. 786.)

To establish a claim by adverse possession, it must be shown that the claimant paid the taxes ''for the period of five years continuously.'' Buying certificates does not constitute payment of taxes within the meaning of the statute. (1 Cyc. 1109; *McDonald v. McCoy,* 121 Cal. 55, 53 Pac. 421; *Irving v. Brownell,* 11 Ill. 402; *Wettig v. Bowman,* 47 Ill. 17.)

COWEN, District Judge.—Action to quiet title. Respondent, who was the plaintiff below, asserts title to what is commonly known as the Bancroft Land & Irrigation Company canal system situated in Bannock county, Idaho. The system is described at length in the complaint, and in the cross-complaint, and appears to be a canal some 49.76 miles in length, with necessary right of way, reservoir, etc., divert-

ing water from Soda Creek and Spring Creek, and distributing this water in a general northwesterly direction as far as the town of Bancroft.

The respondent claims title by regular chain from the Cache Valley Canal Company and the Cache Valley Land & Canal Company, which companies constructed the canal, commencing about the year 1892, while the appellants claim title by virtue of certain tax proceedings and tax deeds, and also by adverse possession.

Complaint was filed October 14, 1915, the answer and cross-complaint January 26, 1916. Trial was had before the court April, 1917, and findings and decree afterward entered, from which decree, an appeal has been taken to this court.

Some eighteen assignments of error are relied upon by the appellants, but it will be necessary to consider only a small portion of them as the others necessarily fail from the decision of those considered.

The first assignment of error is the alleged failure of the court to find upon the issue of adverse possession for five years as presented by the cross-complaint. The findings have been examined with some care as to this question, from which it appears to this court that the court below made the necessary findings, the failure to make which is assigned as error.

Paragraph 10, subdivisions (a) to (k) of the findings, contains complete recitals of the facts upon which appellants' claim to the property is based, as alleged in their cross-complaint. Subdivision (i) finds that they did not have the quiet or peaceable possession, or occupancy, or any possession or occupancy of the property for period of five years before the commencement of the action; and subdivision (k) finds specifically as to the payment of the taxes, showing that they had not paid them for the full five year period prior to the filing of the respondent's complaint to quiet title.

It is next claimed that the court committed error in holding a certain tax deed dated September 23, 1911, and certain tax certificates issued in the years 1910, 1909 and 1908 to be invalid and void. The tax deed in question was based upon a tax certificate of sale issued to Bannock county in July,

1907, upon a purported sale for the taxes of 1906, which certificate was assigned to appellants a short time before the issuance of the deed. The only description or listing of the canal property upon the assessment-roll for the year 1906 was "Canal 5000"; the delinquent list was published for a period of only two weeks and the notice of the date of sale therein fixed such date only thirty-seven days from the date of the first publication, and the tax deed itself contained no description of the canal. Under such circumstances it was not error to hold the deed invalid. A valid tax deed may not be based upon an assessment containing an insufficient description. (*Booth v. Cooper,* 22 Ida. 451, 126 Pac. 776; *Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12.) Besides the sale was not advertised for a sufficient length of time and the sale was prematurely held. A valid deed could not follow upon such essential departures from the statute. (*O'Hara v. Parker,* 27 Or. 156, 39 Pac. 1004; *Cadman v. Smith,* 15 Okl. 633, 85 Pac. 346; *Carpenter v. Shinners,* 108 Cal. 359, 41 Pac. 473.)

In proving the chain of title relied upon by respondent certain exhibits were offered and received in evidence to which the appellants objected and their admission is assigned as error. These exhibits consisted of records from the federal court in foreclosure proceedings resulting in a sale of the canal property some years prior to the time appellants claimed any interest in the property. And the objection was based upon the fact that neither the appellants, nor anyone from whom they claimed, were parties to the foreclosure. This was not proper ground for objection to these exhibits as they constituted merely a link in the chain of title of respondent and there was no error in their admission.

Nor was there any error, which this court will consider, in the ruling of the trial court in reference to the sixteenth assignment of error, as the evidence involved in the question to which objection was made and apparently ruled out was later on in the course of the trial all admitted in answer to other questions.

Other assignments of error were predicated upon the failure of the court to hold that appellants were entitled to a deed to the canal property from the treasurer and *ex-officio* tax collector of Bannock county upon demand of their agent in January, 1916. The demand for this deed was based upon tax certificate No. 48, issued at a purported sale of the property in 1910 for the taxes of 1909. The description of the property contained in the assessment-roll for that year, upon which all subsequent proceedings were based, was "49.76 miles of Canal, Right of Way and Reservoir Sites, 1,67,1; 1,67,2; 1,68,1." A tax deed with such a description as this would not convey any title and would be void for lack of description. (*Booth v. Cooper*, 22 Ida. 451, 126 Pac. 776; *Wilson v. Jarron*, 23 Ida. 563, 131 Pac. 12.) Besides, at the time the deed was demanded it was refused, for the reason that redemption had been made by payment of the taxes for that year, and before any such deed could issue the purchaser at a tax sale, or his successor in interest, must serve the notice and file the affidavit required by the act of the legislature at the extraordinary session of 1912. (Sess. Laws 1912, p. 43; *Rice v. Rock*, 26 Ida. 552, 144 Pac. 786.)

The judgment of the district court should be affirmed and it is so ordered. Costs awarded to respondent.

Morgan and Rice, JJ., concur.