## MARTIN v. SMITH et al.*

### (Division A.   Sept. 28, 1925.)

### [105 So. 494.   No. 24676.]

1. TAXATION.   *No ambiguity in description in assessment and tax deed.*

   Description in assessment and tax deed "lots 37-39, in Moore's addition to town of P.; Eugene Martin, owner," is not ambiguous, because of omission of the initials "J. H." before "Moore" in the title, or because there were lots of the same number in "Moore's Second addition" to the town.

2. EVIDENCE.   *Any ambiguity in description curable by parol.*

   Were there considered to be ambiguity in description in assessment and tax deed, "lots 37-39 in Moore's addition to town of P., Eugene Martin, owner," because of omission of the initials "J. H." before "Moore" in the title, it would not render tax proceeding void, but could be aided by parol under Code 1906, section 4285 (Hemingway's Code, section 6919), there being enough therein to be applied to a particular tract with such aid.

3. EVIDENCE.   *Recitals of tax deed not overturned by statement of witness.*

   Recitals of tax deed would not be overcome or defeated by any statement of witness, in suit to quiet and confirm tax title, that the lots were sold separately and as a whole on same day.

---

*Headnotes 1.   Taxation, 37 Cyc., pp. 1051, 1445; 2. Taxation, 37 Cyc., p. 1518; 3. Taxation, 37 Cyc., p. 1518.

APPEAL from chancery court of Pearl River county. HON. T. P. DALE, Chancellor.

Suit by H. E. Smith and another against Eugene Martin. Decree for complainants, and defendant appeals. Affirmed.

*Hathorn & Williams,* for appellant.

The lands described in the tax collector's deed and on the assessment roll are not the lands described in and sought by the bill of complaint to be confirmed in complainants. This is a fatal variance between the description of the land in the bill, title to which is sought to be confirmed, and that contained in the tax collector's deed and on the assessment roll, unless it is a case wherein complainant can supply the defective description or want of proper description under section 4285, Code of 1906 (sec. 6919, Hemingway's Code).

The assessment roll in nowise aids or throws light upon the question of the identity or proper description of the land. The description on the assessment roll is identical with that contained in the deed. The assessment roll and the tax deed both describe the land as Lots 37, 38 and 39, *Moore's addition* to the town of Poplarville. This description is unknown to government surveys or maps, and there is no such description of property of record in the office of the chancery clerk.

In *Cassedy* v. *Hartman,* 93 Miss. 94, this court held that a tax collector's deed was void where the land was described on the assessment roll and in the tax collector's deed as "lots 17, in southeast quarter of southwest quarter, section 18, township 7, range 8, east."

The fact that there is a *J. H. Moore's addition* to the town of Poplarville, and the fact that there is a *J. H. Moore's second addition* to the town of Poplarville, does not help out this invalid and impossible description. Neither the deed nor the assessment upon which the sale was made carries the description of lots 37, 38 and 39 of *J. H. Moore's addition* to the town of Poplarville, nor

do they contain that from which such description can be applied to the land described in the deed.

In all cases, before resort can be had to parol testimony in aid of the description, the roll itself must furnish the clue, which, followed by the aid of such evidence, will lead to the land intended. *Dodds* v. *Marx,* 63 Miss. 443; *Sims* v. *Warren,* 68 Miss. 447; *I. C. R. R.* v. *Baldwin,* 77 Miss. 788; *Nelson* v. *Abernathy,* 74 Miss. 164; *McQueen* v. *Bush,* 76 Miss. 283; *Boone* v. *Dulion,* 80 Miss. 584.

Another insurmountable difficulty arises out of the fact that the plat of the *J. H. Moore's addition,* and the plat of the *J. H. Moore's second addition,* both contained lots numbered 37, 38 and 39, both of which could be applied to the description on the assessment roll and in the tax collector's deed, if either one could be so applied.

This case is unlike *Standard Drug Company* v. *Pierce,* 71 So. 577.

*Parker & Shivers,* for appellees.

The witnesses for both appellant and appellees testify that the property in the town of Poplarville, known as the Chemical Charcoal property, consists of lots 37, 38 and 39 of J. H. Moore's addition to the town of Poplarville. The deed by which appellant acquired this property describes it as being lots 37, 38 and 39, in Poplarville, known as the Chemical Charcoal property, and if it was necessary to aid the assessment in any way the proof shows that these three lots are the ones purchased by appellant, are assessed to him, and were sold under the deed, Exhibit "A" to the bill of complaint. However, we do not contend that it is necessary to make proof in this way, whether such proof was competent or not, because there can be no question whatever that the land is assessed as lots 37, 38, and 39 of J. H. Moore's addition to the town of Poplarville, the assessment showing the lands to be thus described. Therefore oral testimony may be introduced to apply the description in the

assessment to the description in the deed, for certainly
there is enough in the description on the roll and the con-
veyance to apply it to the three lots described in ap-
pellee's bill of complaint. Section 4285, Code of 1906,
section 6919, Hemingway's Code.

Section 4283, Code of 1906, section 6917, Hemingway's
Code, provides for the assessment of lands in cities,
towns, or villages, and this was followed. Just as the
statute provides the assessor began with the lowest
number of the subdivision, which is lot No. 1. The head-
ing of the page being *"town of Poplarville, J. H. Moore's
addition,"* which is the exact name of the addition as
shown by the plat. After beginning with lot No. 1 he
continues with the assessment down to the foot of the
page and there being insufficient room on that page to
contain the assessment of all the lots in the J. H. Moore's
addition, and the last line on that page containing lot
No. 28, the assessor turns over to the next page, and
there continues the assessment of the lots in J. H.
Moore's addition, just as he is required to do by the
statute, by starting at the first line on that page with
lot No. 29, and then continuing the assessment in the
regular order of lots down to, and including lot No. 43,
which is the highest number of lots in J. H. Moore's ad-
dition, and having thus assessed all of the lots in this
addition he then passed to Moore's second addition, and
under the head of "Moore's second addition" he then
assesses all of the lots in Moore's second addition.
However, all lots in the second addition, except one, were
owned by two persons in common, and, therefore, the
assessment of that addition only contains two separate
assessments. After having headed the assessment roll
*"town of Poplarville, J. H. Moore's addition,"* the next
page simply continues the assessment of that addition;
the assessor failing to put the initials on that addition
but continued it, and no person, however blind, can fail
to see and know that the two pages of the assessment,
all of pages 136 and 137 down to and including line 11,
being the assessment of lot 43, constitute an assessment

of all the lots in J. H. Moore's addition to the town of Poplarville.

We submit, therefore, that the assessment and the deed without any further testimony whatever shows that lots 37, 38 and 39 of J. H. Moore's addition to the town of Poplarville are the lots assessed and the lots sold and conveyed to appellees, under the deed from J. T. Boyd, tax collector.

If we are mistaken, however, in this and other evidence is required to identify the lands conveyed by the tax deed this record contains ample evidence to establish the description of the lands conveyed in the tax deed as being the lands claimed by appellees in their bill of complaint, and if any other authority than the statute was necessary, *Dodds* v. *Marx,* 63 Miss. 443, and *Standard Drug Company* v. *Pearce,* 71 So. 577, 111 Miss. 354, are ample authority to support our contention that oral and record testimony can be introduced to show that Moore's addition, written on the assessment, can be shown to be J. H. Moore's Addition. See also *Mixon* v. *Clevenger,* 74 Miss. 67, 20 So. 149, and *Reed* v. *Heard,* 97 Miss. 743, 53 So. 400.

None of the authorities cited by appellant are in conflict with the contentions made by appellees. Appellees are making no contention whatever to substitute one description for another description, but simply claim that they have a right, under the law, to supply, by record and oral proof, the initials "J. H." and apply them to the description of Moore's addition, so as to make it read "J. H. Moore's addition" if it is necessary to supply these initials, when it is clearly shown by the record and proof that the lands owned by appellant, and the land sold, are located in J. H. Moore's addition, and they are the lands intended to be assessed, and the lands that were assessed.

Argued orally by *F. C. Hathorn,* for appellant, and *J. C. Shivers,* for appellees.

McGOWEN, J., delivered the opinion of the court.

Appellees H. E. Smith and Dr. L. P. Newsom filed their bill in the chancery court of Pearl River county to quiet and confirm their tax title to lots 37, 38, and 39 in J. H. Moore's addition to the town of Poplarville. Complainants acquired title by virtue of a deed from the sheriff of that county in pursuance of a sale for taxes, the lots in question having been assessed to the appellant, Eugene Martin.

Martin filed his answer, putting in issue the title to the land and the validity of the tax sale, and after the proof was heard the chancellor issued a decree quieting and confirming the title to the said lots of land in the complainants Smith and Newsom.

Upon the taking of the proof it developed that the lands in controversy were assessed in the town of Poplarville as being Moore's addition to said town, omitting the initials "J. H." And it further appeared that there was another subdivision of said town which contained lots 37, 38, and 39 in J. H. Moore's second addition to the town of Poplarville. The chancellor permitted oral testimony showing that the assessment of the lands in Moore's addition to the town of Poplarville to Eugene Martin was the same Martin named as defendant in the bill; also permitted the introduction of a deed from Elmer Wood to the defendant (appellant here) Eugene Martin, Jr., describing the lots as 37, 38, and 39 in the town of Poplarville, Pearl River county, Miss., and known as the chemical charcoal property.

It is claimed that the assessment is void because of the omission of the initials "J. H.," and because there are lots of the same numbers in "J. H. Moore's new addition to the town of Poplarville." It is also urged that the tax deed is void because Mr. Smith testified that these three lots were offered separately and then together on the day of the sale.

The chancellor issued a decree quieting and confirming the title of said lands in and to the complainants, and Martin appealed here.

We are unable to see any ambiguity in the assessment of lots 37, 38, and 39 in Moore's addition to the town of Poplarville, Eugene Martin, owner. We think with the maps and plats of the town of Poplarville any person could, with reasonable certainty, be able to identify the lands described in the assessment and in the tax assessor's deed, because it is certain that the lots 37, 38, and 39, in J. H. Moore's new addition to the town of Poplarville, were not described, nor intended to be described, in the assessment, and likewise in the tax collector's deed; but if there were any doubt as to the identity of the land, the description, "Moore's addition to the town of Poplarville," and the mere omission of the initials "J. H.," would not be such an ambiguity as to render the proceeding void. But under section 4285, Code of 1906 (section 6919, Hemingway's Code), the oral testimony in this character of description, the assessment being based upon a legal survey or plat and so referred to as to be able to refer to that plat and find the land with certainty. The pertinent part of the section of the Code referred to is as follows: "Parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, when such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony."

See *Dodds* v. *Marx*, 63 Miss. 443; *Standard Drug Co.* v. *Pierce*, 111 Miss. 354, 71 So. 577, which fully sustain complainant's contention.

We think the roll and the deed sufficient in itself without the aid of such evidence, but if there should be any question about it, the roll does furnish "a clue which, when followed by the aid of parol testimony, conducts certainly to the land intended; it is admissible only to

apply a description on the roll which must give a start and suggest the course, but being followed will point out the land intended to be assessed."

We do not attach any importance to the effort to confuse "Moore's addition to the town of Poplarville" with the fact that there was in Poplarville lots of the same number in "Moore's second addition."

On the second point, that the statement of the witness that the lots were sold separately and as a whole is sufficient to overturn the recitals in the tax deed, we are unable to perceive any merit in this contention, if, indeed, there was any necessity for the sale as contended for by counsel. If the language of the witness was subject to the construction placed thereon by counsel, then the recitals of the tax deed would not be overturned or defeated thereby.

*Affirmed.*