## FERGUSON v. MATHIS et al.

No. 5990.   Decided December 29, 1938.   (85 Pac. 2d 827.)

Rehearing denied April 5, 1939.

*Marl D. Gibson,* of Price, for appellant.

*F. W. Keller* and *Therald N. Jensen,* both of Price, and *B. W. Dalton,* of Los Angeles Cal., for respondent.

LARSON, Justice.

This case presents an old problem, the validity of a tax sale. The action was brought by C. R. Ferguson, hereinafter called plaintiff, against John A. Mathis, as executor of the

estate of Mary J. Morrison, deceased, hereinafter called the executor, and Leonard E. Roberts, hereinafter called the claimant, to foreclose a mortgage executed by the executor in favor of plaintiff March 31, 1930. The mortgage was executed pursuant to an order of the District Court of Carbon County, sitting in probate, authorizing such mortgage. In this order of the court and also in the mortgage executed pursuant thereto the property was described as: "Lot 15, Highland Park Addition of Price, Carbon County, Utah, Local Survey."

The mortgage was duly recorded the following day in the office of the County Recorder of Carbon County. The note, secured by the mortgage, due one year after date, was not paid and this action for foreclosure was commenced August 6, 1936. Claimant was made a party to the action as one claiming an interest in the property. His claim is founded upon a deed from Carbon County. The general taxes assessed against the property for the year 1928 were not paid and a purported sale of the property was made to Carbon County in December of that year. The tax remaining unpaid in January 3, 1936, an auditor's tax deed was issued to Carbon County and the property was advertised for sale by the county at the May sale of that year. Defendant bid in the property at the sale for $178.07, being the amount of delinquent taxes for the years 1928, and 1932 to 1935, inclusive, with interest, penalties and costs, and the County issued to him its quitclaim deed. Claimant thereupon entered into possession of the property and remained in such possession at the time of trial, July 2, 1937, and expended $125.35 in improvements and repairs on the property. The trial court entered judgment declairing claimant's title inferior to plaintiff's mortgage lien, decreeing foreclosure of the mortgage and sale of the property, and awarded claimant a first lien on the proceeds of sale for $178.07, the amount paid the county, also $125.35 expended for repairs less $71 collected by claimant as rentals, with interest on such balance at six per cent. Claimant appeals.

The only question presented is as to the validity of the tax sale proceedings to divest title. The description of the property in question as it appeared in the office of the County Recorder in 1926 and thereafter until the auditor's tax deed was: "Lot 15, Highland Park Subdivision of Blks 8 and 9, of Section 16, Township 14 South Range 10 East, Salt Lake Meridian," and appeared in the name of Mary J. Morrison as owner. She was the testate of the executor. Highland Park Subdivision, which embraces part of Sec. 16 T. 14 S., R. 10 E. of S. L. M., was subdivided into lots, and platted by R. J. Turner, civil engineer for the owners. The plat was duly acknowledged, certified, approved and recorded in 1912. Such plat gives the dimensions of all lots and assigns to each lot a number. The plat and dedication of the Highland Park Subdivision provided the plat should be known as the "Highland Park Subdivision," and all lots by the names and numbers designated on the plat. Lands so platted and recorded may thereafter be assessed, mortgaged, encumbered or conveyed by describing them only by lot number, as shown on the plat without metes and bounds description and without reference to section, range, or township. Such information is shown on the plat.

The tax sale certificate in 1928 simply described the property as:

"Lot 15, Highland Park Add. Sec.————Twp————S R————E."

The auditor's tax deed and the deed from the County to claimant simply used the description: "All of Lot 15, Highland Park."

The mortgage given to the plaintiff by the executor described the property as: "Lot 15, Highland Park Addition of Price, Carbon County, Utah, Local Survey," and the court order authorizing the mortgage used the same description except it omitted the words, "Local Survey."

Was then the description of the property in the tax sale proceedings so indefinite or erroneous as to invalidate such proceedings? The courts have consistently held that if a description in tax proceedings is too vague, too indefinite, to notify the owner that it is his property that is being taxed, and insufficient to inform prospective purchasers as to just what property is to be sold, the resulting tax title after sale is void. *Olsen* v. *Bagley,* 10 Utah 492, 37 P. 739; *Tintic Undine Mining Company* v. *Ercanbrack et al.,* 93 Utah 561, 74 P. 2d 1184; *Burton* v. *Hoover,* 93 Utah 498, 74 P. 2d 652. So too, the courts hold that though a description of property in tax sale proceedings may be incorrect or erroneous, yet if such description be not so vague or erroneous as to be misleading to the owner, and is sufficiently accurate to apprise the owner and prospective purchaser of the land covered by the proceedings, and identifies the property so definitely that a lien can attach thereto, the tax sale proceedings will not be voided for such error in the description alone. *Standard Drug Co.* v. *Pierce,* 111 Miss. 354, 71 So. 577; *Martin* v. *Smith,* 140 Miss. 168, 105 So. 494; *Merchants' Realty Co.* v. *City of St. Paul,* 77 Minn. 343, 79 N. W. 1040; *Gilfillan* v. *Hobart,* 34 Minn. 67, 24 N. W. 342; *Booth* v. *Cooper,* 22 Idaho 451, 126 P. 776; *E. E. McCalla Co.* v. *Sleeper,* 105 Cal. App. 562, 288 P. 146. The question therefore may be stated: Was the description here used so vague or erroneous as to mislead the owners as to the property assessed or as to not apprise prospective purchasers of the property to be sold? The description in the certificate of sale was correct and complete except for the use of one word, using the name Highland Park Addition instead of Highland Park Subdivision. An addition and a subdivision may be the same thing or they may be different things. Each usually, but not necessarily, implies a tract of land platted and subdivided into smaller tracts, named and designated as lots or blocks, the official plat of which is duly authenticated and recorded in the recorder's office. Each may cover new lands thereby added to or included

within the corporate limits of the city or either cover lands already within the city but now platted and subdivided from acreage into lots and blocks as a new plat or subdivision of the platted portion of the city or be an addition to the subdivided and platted portion of the city. So lands may be subdivided and platted, named, and the plat authenticated and filed for record in the recorder's office, even though outside the corporate limits of any city or town. We refer to these matters to point out that the words are not inherently different or suggestive of different things. In common parlance they are frequently used interchangeably.

Could this description have misled the owner as to the property? Numerous witnesses testified at the trial that this property was in common parlance referred to as Highland Park Addition, as Highland Park Subdivision, and as Highland Park, interchangeably; that there was no other land or place in Carbon County known or referred to as Highland Park, either singly or in combination with other words; that the plat of these lands was the only record or plat of any lands or place in the County using the words Highland Park, singly or in combination with other words and that about Price and vicinity,—it being the county seat and where all these parties lived,—the words Highland Park, singly or in combination with any other words was always understood to mean the platted tract of land of which these lands were a part. No evidence was offered to the contrary.

Furthermore, the plaintiff and the executor in dealing with the property in question, in securing the court order authorizing the mortgage, and in the mortgage which one executed and the other accepted, received and recorded, referred to and described the property as Highland Park Addition of Price. They themselves use the term addition instead of subdivision so neither of them could well be misled by the designation they themselves employed.

In cases in which the description of the property is slightly erroneous but not misleading, the courts hold the description sufficient and the title gained under a tax sale valid. In

these instances, the owner is notified, purchaser can determine the tract to be sold, and the governmental agency will not re-assess the same property because it was sufficiently described and so known to have been already assessed. In the Marchants' Realty Case, supra, the land in controversy was in Bazille & Roberts' addition to West St. Paul, and was described by lot and block number as being in Bazille & Roberts' addition in St. Paul. The description was held to be valid upon a showing that there was no other Bazille & Roberts' addition in the city. Here the tax deed was held void but on grounds independent of the description. In *Gilfillan* v. *Hobart*, supra, the court said that where an addition was generally known as a part of another addition a description of property under the latter name was sufficient. If the property involved is city property in a particular division of the city, addition or subdivision, the division must be so designated as not to be misleading or uncertain. *Standard Drug Co.* v. *Pierce*, supra; *Martin* v. *Smith*, supra, and *Booth* v. *Cooper*, supra. In the Standard Drug Case, the property was assessed as of the county, giving the owner's name, block, lot, and subdivision. There were two recorded subdivisions of the name but only one contained the lot and block mentioned. The court held the description to be sufficiently definite. Since only one subdivision contained the block and lot mentioned, this faulty description was not misleading. *Martin* v. *Smith*, supra, involved a description that might be misleading but the court held it to be sufficient. In this case the lots were assessed as "lots 37-39, in Moore's addition to town of P.; Eugene Martin, owner." Moore's new subdivision in the same town also had lots 37, 38 and 39. The description was held sufficient, parol evidence clarifying it, the court saying:

"We think with the maps and plats of the town of Poplarville any person could, with reasonable certainty, be able to identify the lands described in the assessment and in the tax assessor's deed, because it is certain that the lots 37, 38, and 39, in J. H. Moore's new addition to the town of Poplarville, were not described, nor intended to be de-

scribed, in the assessment, and likewise in the tax collector's deed; * * *."

In *Booth* v. *Cooper,* supra, a description of lots as being in "South Boise, Londoner's addition," while the proper designation was "South Boise, * * * Londoner's First Subdivision," was held not so uncertain as to render the assessment invalid for while the description is not in exact accordance with the name given to the plat, containing a description of the lots, still where there is no other plat bearing the name "Londoner's," the land could be easily identified from the description and no one is misled.

If, under the facts in this case, the tax sale is void we cannot well conceive any case in which one would be valid. As we said in *Tintic Undine Mining Co.* v. *Ercanbrack,* supra, it is not every little defect that voids a tax sale and a defect that may be vital under one set of circumstances may be harmless under another. The trial court and respondent evidently relied upon the case of *Asper* v. *Moon,* 24 Utah 241, 67 P. 409, but a reading of that case clearly distinguishes it from this one. If that case be construed to hold, as contended by Respondent, that where lands are described for tax purposes by lots, numbers, blocks and plat title according to a duly authenticated and recorded plat of subdivided lands, but fails to state that the platted lands are a subdivision of, or addition to, or included in a particular city, such failure in all cases vitiates the assessment or tax sale, the case is to that extent overruled. Public officials, engaged in assessing property and collecting taxes thereon should always strive to show the city or section, range, and township in which lands are situate in order to localize the geographical area in which the property may be included. Failure to do so indicates careless, inefficient or slovenly work but it is not in every case a fatal defect. In *Burton* v. *Hoover,* 93 Utah 498, 74 P. 2d 652, the description read: Sec. 7-5-4, no range, township or meridian named. There was no way of telling whether or which of the second

and third numbers applied to the township and which to the range. If a map were closely consulted it could be ascertained that in Wasatch County, township or range 5, and township or range 4 could only apply to the Salt Lake Meridian, and not to the Uintah Special Meridian. In that respect the one meridian could have been eliminated and the only other base which would fit the range or township named could have been ascertained. And up to that point if such search of the map were made the description by such deduction would not be misleading. But unless it were assumed that the number "5" applied to the township and the number "4" to the range, it would be impossible to know where to locate the property. Although customary to name the township and range in that order the assumption that that description named them in that order could not be indulged. Hence the description in the Hoover Case was misleading and in that respect differs from this case.

The trial court was in error in holding claimant's tax title void, and its judgment is reversed and the cause remanded to the District Court with directions to enter a judgment in conformity with the view herein expressed.

FOLLAND, C. J., and WOLFE and MOFFAT, JJ., concur.